STEWART REALTY CO., INC., APPELLEE AND CROSS-APPELLANT,
v. KELLER, APPELLANT AND CROSS-APPELLEE.*

(No. 8961—Decided February 1, 1962.)

*Messrs. Goodman & Goodman,* for appellee and cross-appellant.

*Mr. Milton M. Bloom,* for appellant and cross-appellee.

GUERNSEY, P. J.   This is an appeal and cross-appeal on questions of law in an action for damages brought by the plaintiff, as vendor in a contract for the sale of real estate, against Gerald D. Keller, who the plaintiff claims is personally liable on the contract.

The vendee named in the contract, "Avon Brand, Inc., an Ohio corporation," was never organized in accordance with the representations of Keller.   The contract was signed, "Avon

---

*Motion to certify the record overruled (37446), May 23, 1962.

Brand, Inc., by Gerald D. Keller, Pres.'' It is undisputed in evidence that the contract was executed by plaintiff with full knowledge that Avon Brand, Inc., did not have any corporate existence at the time, *de jure* or *de facto*, and that Keller expressly declined to execute any contract naming him as a party individually.

Under the contract, title to real estate therein described was not to be conveyed to the vendee until June 30, 1964, after certain payments. A down payment of $5,000 and two monthly payments of $350 each were made, and other prescribed monthly payments have long been in default. It appears further that a corporation named Byrnes Rest, Inc., of which Keller was president, took possession of the premises; that it yielded possession after several months to Avon Brand, Inc., a *Kentucky* corporation organized by Keller and others; and that at the time action was brought neither Keller nor any corporation with which he was connected was in possession of the subject real estate, the keys for the building thereon having been returned to plaintiff several months beforehand.

After a hotly contested trial, charges and countercharges of misconduct by counsel, numerous objections made to the evidence offered by either party, both parties had rested and the plaintiff had withdrawn its second cause of action, each party moved for a directed verdict on the first cause of action, the defendant, however, reserving his right to have questions of fact go to the jury in the event that the trial court overruled his motion. The trial court overruled both motions and the verdict of the jury was general in favor of defendant.

Plaintiff thereupon moved for new trial and for judgment *non obstante veredicto*. The trial court overruled the latter and granted the former, concluding only ''that a fair trial was not had.'' Defendant filed notice of appeal from the judgment granting a new trial and plaintiff filed notice of cross-appeal from the judgment overruling the motion for judgment *n. o. v.*

We will consider the cross-appeal first. Although it does not appear that plaintiff has filed any specific assignments of error, plaintiff claims in its brief that on the evidence before the court it was entitled to judgment as a matter of law. We have thoroughly read the bill of exceptions and, without reference to other deficiencies in plaintiff's proof, are unable to find

any evidence whatsoever of any probative value as to the measure of general or special damages which plaintiff has suffered and is entitled to recover. The amount of these damages, if any, was left entirely to the determination of the jury. However, had plaintiff proved a breach of contract for which defendant was liable, it is generally held that the court may not direct a verdict for the failure to prove general or special damages, but the cause must go to the jury, with appropriate instructions, on the issue of nominal damages for the breach of contract, and such damages are not ordinarily within the province of the court.

Nevertheless, there is a more fatal defect in plaintiff's proof. The action was on the contract for the sale of real estate, and to prevail it was necessary that plaintiff prove that the defendant was personally liable under the contract. The defendant was in the category of a promoter, and as stated in 18 Corpus Juris Secundum, 533, Corporations, Section 132, "promoters are not personally liable on contracts made in the name and solely on the credit of the future corporation, and not on an express or implied representation that there is an existing corporation, where such intention is known to the other contracting party * * *. Whether or not a contract was made by the promoters personally or on the credit of the corporation only, may be a question of fact or one of law according to circumstances."

See, also, 12 Ohio Jurisprudence (2d), 147, Corporations, Section 84, and authorities therein cited.

Considering the contract herein in its entirety, there is nothing on the face thereof which indicates, as a matter of either fact or law, that it was anything other than a contract to bind plaintiff and the corporation named therein. There were no promises made in the contract by defendant as an individual or any benefits to be received by him individually under the provisions of the contract. As to the knowledge of the plaintiff that the corporation only was to be bound and not the defendant personally, plaintiff proved this by its own witnesses, in particular plaintiff's attorney, and offered no evidence of any probative value to the contrary. Notwithstanding plaintiff's claim that the defendant represented that he would invest certain personal funds in the corporation, there is no evidence that the contract was made except in the name of and solely on the

credit of the future corporation. Such being the case there was no issue of fact for the jury respecting the personal liability of defendant, either by express provisions of the contract or by estoppel.

There being no evidence of any probative value of defendant's personal liability on the contract, the plaintiff was not entitled to judgment as a matter of law. Plaintiff's cross-appeal is, therefore, entirely without merit.

By reason of the same failure of proof, defendant was entitled to a directed verdict at the close of all the evidence, and the trial court committed error prejudicial to defendant in not granting his motion therefor. There may have been many matters, unspecified in its journal entry, which the trial court considered as having deprived the plaintiff of a fair trial, but, under no circumstances, the plaintiff having failed in its proof of liability on the contract and not having offered any excluded evidence which would have proved liability, could the judgment be other than for the defendant. Plaintiff's failure to prove its case, when such failure was not caused by any erroneous exclusion of evidence offered, cannot be charged against the defendant, even though the trial court may have considered that there were other factors in the case on which to base its conclusion "that a fair trial was not had."

This being so, the granting of the motion for a new trial was not discretionary and was an abuse of discretion by the trial court, which constituted error prejudicial to the defendant, and such order was an appealable order. For this prejudicial error it is the judgment of this court that that part of the judgment of the trial court granting a new trial be, and the same hereby is, reversed and this cause is remanded to the trial court with instructions to overrule the motion for a new trial. That part of the judgment of the trial court overruling plaintiff's motion for judgment *n. o. v.* is hereby affirmed. Costs of the appeal and cross-appeal are assessed against the plaintiff.

*Judgment reversed in part and affirmed in part.*

MIDDLETON and YOUNGER, JJ., concur.

GUERNSEY, P. J., MIDDLETON and YOUNGER, JJ., of the Third Appellate District, sitting by designation in the First Appellate District.