[No. 1258-1. Division One—Panel 2. November 6, 1972.]

HEINTZE CORPORATION, INC., *Appellant*, v. NORTHWEST TECH-MANUALS, INC., *et al.*, *Defendants*, H. E. RIPPEE *et al.*, *Respondents.*

*Reed, McClure, Moceri & Thonn, Richard C. Reed,* and *William R. Hickman,* for appellant.

*Phil Mahoney,* for respondents.

FARRIS, A.C.J.—H. E. and O. C. Rippee, brothers, purporting to act on behalf of Northwest Tech-Manuals, Inc. leased two units of commercial space from the Heintze Corporation. Northwest's articles of incorporation were approved by the Secretary of State on May 31, 1968, and were filed with the King County Auditor on June 17, 1968. The first lease was signed by the Rippees on April 12, 1968, and was fully acknowledged on May 1, 1968. The second lease

was signed by the Rippees on April 2, 1968, but was not fully acknowledged until July 15, 1968. Both leases were for a period ending March 31, 1970. The leases were abandoned, the first in April of 1969 and the second in October of 1969, with no payment made after the respective dates of abandonment.

Heintze Corporation commenced this action to recover the unpaid rent. The trial court awarded judgment for Heintze Corporation and against Northwest on both leases, but refused to enter judgment against the Rippees individually. Heintze Corporation appeals, contending that the Rippees should be held individually liable on both lease agreements on the theory that the Rippees were acting on behalf of a nonexistent corporation when they signed the lease agreements.

■ We hold that the Rippees are individually liable on the first lease. The rule is clear:

> [W]here a corporation is contemplated but has not yet been organized at the time when a promoter makes a contract for the benefit of the contemplated corporation, the promoter is personally liable on it, even though the contract will also benefit the future corporation.

*Refrigeration Eng'r Co. v. McKay*, 4 Wn. App. 963, 972, 486 P.2d 304 (1971). The rule has been codified in RCW 23A.44.100:

> All persons who assume to act as a corporation without authority so to do shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof.

The Rippees argue that they come within an exception to the rule:

> [Promoters] are not personally liable on the contracts made in the name and solely on the credit of the future corporation, and not on an express or implied representation that there is an existing corporation, where such intention is known to the other contracting party, . . .

*MacDonald v. Arrowhead Hot Springs Co.*, 114 Cal. App. 496, 501, 300 P. 105 (1931). *See* 18 C.J.S. *Corporations* § 132

(1939). This exception is applicable if the contracting party knew of the nonexistence of the corporation at the time of contracting, but nevertheless agreed to look solely to the corporation for payment. *Frazier v. Ash*, 234 F.2d 320 (5th Cir.), *cert. denied*, 352 U.S. 893 (1956).

Here the trial court stated:

> The court cannot find that plaintiff [Heintze] had knowledge that the defendant corporation [Northwest] was not yet in existence on the date of the execution of the first lease.

It was therefore error not to hold the Rippees personally liable on a lease which was signed and acknowledged prior to the incorporation. The second lease, though signed and acknowledged by the Rippees prior to the incorporation of Northwest was not acknowledged by Heintze Corporation, the lessor, until July 15, 1968. An unacknowledged lease for a term of more than 1 year is void so far as the duration of the lease is concerned and shall be construed only as a tenancy from month to month or from period to period on which rent is payable. Acknowledgment by the lessee alone is not acknowledgment within the meaning of RCW 59.04.010. *See National Laundry Co. v. Mayer*, 79 Wash. 212, 140 P. 393 (1914). On the effective date of the second lease, Northwest was incorporated; Heintze Corporation must therefore look only to Northwest for redress for the abandonment of that lease.

The cause is remanded for entry of judgment consistent with this opinion and consideration of attorney fees.

JAMES and SWANSON, JJ., concur.

Petitions for rehearing denied December 5, 1972 and February 20, 1973.