JOURNAL ENTRY AND OPINION
This cause came on to be heard upon the pleading and the _____________________ transcript of the evidence and record in the _______________________Rocky River Municipal_________ Court, and was argued by counsel; on consideration whereof, the court certifies that in its opinion substantial justice has not been done the party complaining, as shown by the record of the proceedings and judgment under review, and judgment of saidRocky River Municipal_____________ Court is reversed. Each assignment of error was reviewed by the court and upon review the following disposition made:
On February 19, 1980, plaintiff Louise Cooper filed a complaint in Rocky River Municipal Court against defendant David Stetler, d.b.a. Cooper Personnel Services, Inc. Cooper alleged that she had executed a written agreement with Stetler;[1] that she (Cooper) had performed all of her obligations under the terms of the agreement; and that Stetler, d.b.a. Cooper Personnel Services, Inc., owed plaintiff $6,000.00 pursuant to said agreement, for which demand had already been made. Cooper sought judgment against Stetler in the amount of $6,000.00 together with interest.
On March 6, 1980, Stetler answered and denied most of Cooper's allegations. Stetler asserted, inter alia, that at no time did he have any contractual arrangements with the plaintiff in his individual capacity; that he did not do business as Cooper Personnel Services; and that any claim that Cooper had arising out of the written agreement was appropriately asserted against Cooper Personnel Services, Inc., a duly authorized and valid Ohio corporation, rather than Stetler.
Following other procedures not relevant to the instant appeal, the case came to trial before a municipal court judge on July 21, 1980. The case was to be decided upon certain "stipulations" of fact between the parties' attorneys.[2] In fact, these "stipulations" were a number of documents offered by the parties as joint exhibits. A summary of the evidence, as presented by these documents, now follows.
The critical agreements by which plaintiff Cooper sold her personnel business and agreed to be a consultant to the buyer of the business were made between Cooper and an entity named "Cooper Personnel Services, Inc." This entity was named as the "Buyer" of the business in the Purchase Agreement and as the "owner" of the business, "an Ohio Corporation," in the "Special Consultant Agreement."[3]
In both agreements, defendant David Stetler signed on behalf of Cooper Personnel Services, Inc., listing himself as "President." A person named Shirley Cranley also signed on behalf of the purported corporate entity as "Secretary." The document providing for the sale of the business to Cooper Personnel Services, Inc., indicated as follows:
 "4. USE OF NAME. Buyer shall have the exclusive right to the corporate name, Cooper Personnel Services, Inc. and has received confirmation from the Secretary of State, State of Ohio, that said name is available for use."
Both agreements were dated June 6, 1979. A check signed by Stetler, without indication of his official capacity, drawn on the account of Cooper Personnel Services Inc., provided part of the money for the purchase of the personnel business from Cooper.
A receipt indicating that plaintiff Cooper had performed sixty hours of work pursuant to the Special Consultant Agreement was included in the record. The receipt is dated July 16, 1979 and is captioned "Cooper Personnel Services, Inc." David Stetler signed this receipt and is listed as "President."
The record indicates that Stetler did attempt to form a corporation. The name "Cooper Personnel Services, Inc.," was reserved with the Secretary of State. Articles of Incorporation were filed with the Secretary of State, however, for an entity named Cooper Personnel Systems, Inc. Thus, the Secretary of State indicated that Cooper Personnel Systems, Inc. was a valid corporation as of June 11, 1979, and that Cooper PersonnelServices, Inc. (the party with whom Louise Cooper had contracted) was not a valid corporation in Ohio.
Cooper Personnel Services, Inc., apparently did business for an unspecified period of time (less than a year, however) as a private employment agency. Then, it ceased operation and was required to return its private employment agency license to the State.
On August 15, 1980, the Court entered judgment in favor of plaintiff Cooper against defendant Stetler in the sum of $6,000.00 plus 6% interest from July 16, 1979 and costs. The court later filed findings of fact and conclusions of law. The findings of fact merely incorporated counsel's stipulations. The conclusions of law stated as follows:
 "Cooper Personnel Services, Inc., did not achieve De Jure or De Facto corporate status, thereby rendering David Stetler personally liable to Louise Cooper in the sum of Six Thousand Dollars, ($6,000.00), pursuant to a special consultant agreement entered into between the parties on June 6, 1979.
 "The special consultant agreement was never ratified or assumed by a corporation having De Jure or De Facto status, and David Stetler is, therefore personally liable for the pre-incorporation agreements of Cooper Personnel Services, Inc."
Appellant Stetler appeals this decision and asserts the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT APPELLANT WAS PERSONALLY LIABLE ON THE CONTRACT BECAUSE COOPER PERSONNEL SERVICES, INC., AS A DE FACTO CORPORATION, IS SOLELY LIABLE ON THE CONTRACT.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN NOT FINDING THAT COOPER PERSONNEL SERVICES, INC. IS SOLELY LIABLE FOR THE APPELLANT-PROMOTER'S PREINCORPORATION-AGREEMENT.
 III. THE TRIAL COURT ERRED AS A MATTER OF LAW IN NOT FINDING THAT THE APPELLEE IS ESTOPPED FROM DENYING THE EXISTENCE AND SOLE LIABILITY OF COOPER PERSONNEL SERVICES, INC. ON THE CONTRACT.
We shall consider the third assignment of error first. In the third assignment of error, appellant asserts that the trial court erred in failing to find that Louise Cooper was estopped from denying the existence and sole liability of Cooper Personnel Services, Inc., on the contract. We agree.
In the case of Hagerman v. Ohio Building and SavingsAssociation (1874), 25 Ohio St. 186, the Ohio Supreme Court held as follows at paragraph 1 of the syllabus:
 "1. Where an association of persons, in good faith, attempted to organize as a corporation under the act of February 21, 1867 (64 Ohio L. 18), and afterward commenced and carried on business as a building corporation, its members and others who have contracted with it as such corporation are estopped in a suit on such contract from setting up the defense of no corporation on account of a defect in its certificate of incorporation."
In the instant case, David Stetler attempted to do everything required to validly incorporate Cooper Personnel Services, Inc. Unfortunately, an error in the Articles of Incorporation filed with the Ohio Secretary of State listed the corporation's name as Cooper Personnel Systems, Inc. Thus, Cooper Personnel Services, Inc. was not deemed to be validly incorporated by the Secretary of State. Due to this single error, there was no valid dejure corporation.
Nevertheless, Louise Cooper dealt with Cooper Personnel Services, Inc. as though it were a valid corporation. The documents by which Ms. Cooper purported to sell her personnel business and become a consultant to the purchaser all indicate that the corporate entity was to be the buyer of the business and the owner employing Cooper as consultant. Stetler merely signed these agreements on behalf of the corporation. As evidenced by these documents, Ms. Cooper dealt solely with Stetler in his capacity as representative of the corporation and intended to deal with a corporation, rather than an individual.
Ms. Cooper was a sophisticated businesswoman.
If Ms. Cooper had intended to hold Stetler personally liable on her agreements with Cooper Personnel Services, Inc., she could have required that Stetler sign the agreements in his individual capacity, separate from his role as a corporate officer, as a guarantor of the corporation's performance. This was not done.
Given Ms. Cooper's conduct, we conclude that she is estopped to deny the validity of the corporation in the case at bar and its sole liability under the consulting contract.[4] Thus, she may not hold Stetler personally liable under the agreement.
The third assignment of error is well taken. We now consider the remaining assignments of error.
In the first assignment of error, appellant asserts that the trial court erred in finding that he (appellant) was personally liable on the consulting agreement because Cooper Personnel Services, Inc., was a de facto corporation. We agree.
In the case of Society Perun v. Cleveland (1885),43 Ohio St. 481, the Ohio Supreme Court held as follows at paragraph 1 of the syllabus:
 "1. Where an attempt is made, in good faith, to organize a private corporation by colorable proceedings, approved by the attorney-general and the secretary of state, the paper intended for the certificate of incorporation admitted to record in the office of the latter, duly certified by him as the certificate of incorporation of such body; where these steps are followed by uninterrupted and unchallenged user [sic] for a number of years, and valuable rights and interests have been in good faith acquired, enjoyed and disposed of by such organization, acting as a body corporate, it is a corporation de facto and its corporate capacity can not be questioned in a private suit to which it is a party."
In the instant case, the contract for consulting services was made between Ms. Cooper and Stetler, on behalf of Cooper Personnel Services, Inc., on June 6, 1979. On June 11, 1979, Articles of Incorporation containing an incorrect name for the corporation were approved by the Secretary of State of Ohio. Thus, Cooper Personnel Services, Inc. was not validly incorporated de jure. Nevertheless, an attempt in good faith was made to incorporate. The Secretary of State, in fact, approved the corporate status of "Cooper Personnel Systems, Inc." (the incorrectly named corporation) and admitted the Articles of Incorporation to record in his office.
While Cooper Personnel Services, Inc. did not operate unchallenged for "a number of years," it did operate unchallenged for a number of weeks and was duly licensed as a private employment agency by the Ohio Department of Commerce.[5]
In the name of the corporation, valuable rights were acquired from Ms. Cooper including the name and assets of Ms. Cooper's personnel business. The corporation retained Ms. Cooper as a Special Consultant.
While Ms. Cooper asserts that at the time of the execution of the Special Consultant Agreement (June 6, 1979), the Articles of Incorporation had not yet been approved, we note that the Articles of Incorporation were approved on June 11, 1979, by the Secretary of State a mere five days after the execution of the Special Consultant Agreement with Ms. Cooper. The Articles of Incorporation were apparently mailed to the Secretary of State on June 4, 1979 prior to the execution of the Special Consultant Agreement. See Joint Exhibit No. 11. Further, a substantial step toward incorporation had already been made prior to the execution of the agreements. A corporate name had already been reserved for the corporation with the Secretary of State. The record does not demonstrate that any rights were acquired or obligations were undertaken in bad faith. As we indicated in our discussion of the third assignment of error above, the parties intended to bind the corporate entity, rather than Stetler as an individual.
Given the total circumstances, we conclude that Cooper Personnel Services, Inc., was a de facto corporation. The corporation ratified the Special Consultant Agreement with Ms. Cooper made on its behalf by Stetler by the corporation's acceptance of the benefits of Ms. Cooper's services under the agreement. Ms. Cooper did work sixty hours as Special Consultant for the corporation. See Joint Exhibit 3. Thus, the corporation was solely liable on the contract. The first assignment of error is also well taken.
In the second assignment of error, appellant asserts that he was not personally liable on the Special Consultant Agreement with Ms. Cooper because he was merely a corporate promoter.
Promoters are "those who participate in bringing about the organization of an incorporated company, and in getting it in condition for transacting the business for which it is organized. . . ." Yeiser v. United States Board PaperCo. (1901), 107 F. 340, 344.
In the case of Stewart Realty Co. v. Keller (1962),118 Ohio App. 49, 51-52, the Hamilton County Court of Appeals stated the appropriate rule as follows:
 "The defendant * * * was in the category of a promoter, and as stated in 18 Corpus Juris Secundum, 533, Corporations, Section 132, `promoters are not personally liable on contracts made in the name and solely on the credit of the future corporation, and not on an express or implied representation that there is an existing corporation, where such intention is known to the other contracting party * * *. Whether or not a contract was made by the promoters personally or on the credit of the corporation only, may be a question of fact or one of law according to circumstances.' * * *
 "Considering the contract herein in its entirety, there is nothing on the face thereof which indicates, as a matter of either fact or law, that it was anything other than a contract to bind plaintiff and the corporation named therein. There were no promises made in the contract by defendant as an individual or any benefits to be received by him individually under the provisions of the contract. * * * [T]here is no evidence that the contract was made except in the name of and solely on the credit of the future corporation."
In the case at bar, Stetler clearly qualified as a promoter. He reserved the corporate name with the Secretary of State; signed the Articles of Incorporation and sent them to the Secretary of State; sent the appropriate filing fees to the Secretary of State; arranged for the purchase of Ms. Cooper's personnel business for his corporation; and entered the agreement, on behalf of the corporation, to retain Ms. Cooper as a consultant to assist the corporation in development of the personnel business. All of these activities together demonstrate that Stetler fully participated "in bringing about the organization of an incorporated company and in getting it in condition for transacting the business" of employment and personnel services.See Yeiser v. United States Board Paper Co., supra.
Both the Special Consultant Agreement and the Purchase Agreement were intended to bind Ms. Cooper and Cooper Personnel Services, Inc. There were no promises in either contract by Stetler as an individual. The corporate entity was to receive the benefits of Ms. Cooper's performance.
Thus, even if we were to conclude that Cooper Personnel Services, Inc., was not a valid de facto corporation, Stetler would still not be personally liable on the agreements. Stetler was merely a promoter and the agreements do not indicate an intent to bind him personally.[6]
The second assignment of error is well taken, also.
For the above reasons, we reverse the judgment of the trial court and enter final judgment for the appellant Stetler.
[1] A copy of the agreement was attached to the complaint. The agreement provided that Cooper Personnel Services, Inc., was to retain Louise Cooper as a consultant and pay her for her services.
[2] The deposition of Louise Cooper has been included as part of the record. The trial court apparently did not consider it in reaching its decision, however. The trial court's finding of facts merely incorporated the parties' stipulations.
[3] The Special Consultant Agreement is the subject of the instant litigation.
[4] Any other conclusion elevates form over substance under the facts of the instant case. We note, further, that the only apparent error made by Stetler in the attempted incorporation was the incorrect name used in the Articles of Incorporation (Cooper Personnel Systems, Inc.). Absent this error, the corporation would have been valid.
[5] The record is unclear as to exactly how long Cooper Personnel Services, Inc. was operating. The record does contain a letter from the Ohio Department of Commerce dated January 28, 1980, requesting the return of the Private Employment Agency license of Cooper Personnel Services, Inc.
[6] Ms. Cooper cannot legitimately claim that she was misled into believing that the corporation had valid de jure status at the time of the agreements. The Purchase Agreement indicated that the Secretary of State had confirmed that the corporate name Cooper Personnel Services, Inc., was available for use. See
Joint Exhibit No. 1. This provision in the Purchase Agreement indicates that both parties were fully aware that the corporation was in the process of achieving de jure status and had not yet achieved this. A corporate name, of course, is a required element of a valid de jure corporation.

 *Page 1