UNIVERSAL INDUSTRIES CORPORATION, Appellant-Respondent, v DANA LINDSTROM, Respondent, and DANA LINDSTROM & ASSOCIATES, INC., et al., Respondents-Appellants.

Fourth Department, February 28, 1983

APPEARANCES OF COUNSEL

*Kavinoky & Cook* (*K. Michael Sawicki* of counsel), for appellant-respondent.

*Phillips, Lytle, Hitchcock, Blaine & Huber* (*Robert E. Glanville* of counsel), for respondents-appellants.

OPINION OF THE COURT

SCHNEPP, J.

This appeal concerns defendants' liability for goods procured from plaintiff by defendant Dana Lindstrom which were, according to the invoices, sold and shipped to "Kimco

Warehousing Inc/Dana Lindstrom & Assoc" between August 31, 1979 and December 20, 1979. These transactions occurred prior to the incorporation of corporate defendants. Special Term granted summary judgment to Lindstrom dismissing the complaint against him, and it denied the cross motion of the corporate defendants for summary judgment. Plaintiff's cross motion to examine the defendants before trial was granted but limited to the corporate defendants.

Plaintiff claimed that Lindstrom is personally liable for the value of the goods since it dealt with him individually and directed the invoices to the "two corporations" for his convenience. Special Term, however, held that facts were not alleged by plaintiff which would take the case out of the general rule that Lindstrom as president of the corporate defendants is not personally liable for corporate debts, and that the documentary evidence before the court "shows that at all times the plaintiff knew that it dealt with corporations being either Dana Lindstrom & Associates, Inc. or Kimco Warehousing, Inc., and that Lindstrom, when he acted, acted in his representative capacity". We disagree with this holding.

As a general rule a person contracting in the name of a proposed corporation is personally liable on the contract unless the parties have otherwise agreed (see 13 NY Jur 2d, Business Relationships, § 111, p 380; see, also, 1 Fletcher's Cyclopedia Corporations [1982 Cum Supp], § 190, p 104; 3 Cavitch, Business Organizations, § 56.01 [2]). Such liability "is based upon the principle that one who assumes to act for a nonexistent principal is himself liable on the contract in the absence of an agreement to the contrary." (1 Fletcher's Cyclopedia Corporations [1982 Cum Supp], § 190, p 104; see, also, *Tarolli Lbr. Co. v Andreassi,* 59 AD2d 1011, 1012.) Whether a person is personally obligated on a preincorporation transaction depends on the intention of the parties and if it is the intention that he be personally liable, that result will follow (see 3 Cavitch, Business Organizations, § 56.01 [2]).

Here, there was no written agreement to absolve Lindstrom and the parties disagree regarding whether it was their intention that Lindstrom be personally bound. Fur-

ther, no documentary proof was submitted which clearly shows the intention to relieve Lindstrom of liability. Although the invoices indicate that the goods were sold and shipped to "Kimco Warehousing Inc/Dana Lindstrom & Assoc" and it is clear from the other proof that plaintiff knew that Lindstrom acted for those entities, the documentary proof does not unequivocally indicate an agreement that plaintiff would look exclusively to the corporate defendants for payment.

"When reviewing a motion for summary judgment, the focus of the court's concern is issue finding, not issue determination." (*Renda v Frazer,* 75 AD2d 490, 495.) Summary judgment should not be granted " 'where there is any doubt as to the existence of a triable issue' " (*Rotuba Extruders v Ceppos,* 46 NY2d 223, 231). There is a triable issue in this case on whether the parties regarded the obligation as a personal one of Lindstrom. Special Term, therefore, erred when it granted summary judgment to Lindstrom.

Further, plaintiff's claim that it "was * * * dealing with Dana Lindstrom personally" does not preclude its cause of action against the corporate defendants. A corporation may bind itself to the terms of a preincorporation contract if it knowingly accepts the benefits referable to the contract (*Matter of Reif* [*Williams Sportswear*], 9 NY2d 387, 392; see, also, 13 NY Jur 2d, Business Relationships, §§ 112, 113), and this conduct gives rise to corporate liability in addition to any individual liability (see 3 Cavitch, Business Organizations, § 56.02 [3], p 56-21; see, also, 1 Fletcher's Cyclopedia Corporations [1982 Cum Supp], § 190, p 104). Here, plaintiff's allegation in its complaint that the corporate defendants accepted delivery of the shipments in question was not challenged by the corporate defendants in their cross motion. Even if plaintiff dealt with Lindstrom personally, this would not necessarily relieve the corporate defendants of their alleged contractual liability.

Accordingly, the order and judgment of Special Term, insofar as it granted summary judgment to defendant Lindstrom, should be reversed and the motion denied, and that part of the order and judgment granting plaintiff's

cross motion for an order directing examination of the defendants should be modified to include defendant Lindstrom, and as so modified the order and judgment should be affirmed.

DILLON, P. J., HANCOCK, JR., DOERR and MOULE, JJ., concur.

Order and judgment unanimously modified, and as modified, affirmed, with costs and plaintiff against defendant Dana Lindstrom, in accordance with opinion by SCHNEPP, J.