**COMPANY STORES DEVELOPMENT CORPORATION, Plaintiff-Appellant,**

v.

**The POTTERY WAREHOUSE, INC., and Jane M. Vosseller, Defendants-Appellees.**

Court of Appeals of Tennessee, Eastern Section.

May 13, 1987.

Permission to Appeal Denied by Supreme Court July 27, 1987.

James R. Kniffen, Barnett & Alagia, Nashville, for plaintiff-appellant.

Harold L. North, Jr., Ray & North, P.C., Chattanooga, for defendants-appellees.

OPINION

FRANKS, Judge.

This appeal presents the issue of whether a corporate promoter who signed a lease agreement as an officer of a prospective corporation falls within the ambit of T.C.A., § 48-1-1405,[1] and is thus personally liable to the lessor.

On February 28, 1984, Company Stores Development Corporation executed a lease with Pottery Warehouse, Inc., for the rental of store premises for a term of 5 years. At the time the lease was entered, Pottery Warehouse had not been incorporated and was not incorporated until March 29, 1984. The lease recites the corporation was to be organized and was signed as follows:

THE POTTERY WAREHOUSE, INC.

a corporation to be formed under the laws of the State of Tennessee

BY  *Jane M. Vosseller*

  *Its President*

Plaintiff argues anyone who enters a contract in the name of a corporation which has not been organized is personally liable on the contract, pursuant to T.C.A., § 48-1-1405, but Vosseller argues the statute is inapplicable since the lease is a pre-incorporation contract, which is not governed by statute but by the common law rules of promoter liability.

T.C.A., § 48-1-1405, was adopted from § 146 of the Model Business Corporation Act[2] and contains identical language, and this court, in *Thompson & Green Mach. v. Music City Lumber*, 683 S.W.2d 340 (Tenn. App.1984), held the statute abolished the concept of *de facto* incorporation in Tennessee.

---

1. T.C.A., § 48-1-1405. *Unauthorized assumption of corporate powers.*—All persons who assume to act as a corporation without authority so to do shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof.

2. The comment to this section provides:
   This section is designed to prohibit the application of any theory of de facto incorporation. The only authority to act as a corporation under the Model Act arises from completion of the procedures prescribed in sections 53 to 55 inclusive. The consequences of those procedures are specified in section 56 as being the creation of a corporation. No other means being authorized, the effect of section 146 is to negate the possibility of a de facto corporation.

2 Model Business Corporation Act Annotated, § 146 (2d ed. 1971).

A "person assuming to act as a corporation" within the meaning of the statute refers to individuals who act as an apparent corporation where incorporation is nonexistent. The section does not address promoter liability on pre-incorporation contracts where no misrepresentation that there is an existing corporation has been made and where the contracts are made solely in the name and credit of a future corporation. *See Ratner v. Central Nat. Bank of Miami*, 414 So.2d 210 (Fla. Dist.Ct.App.1982); *Sherwood & Roberts-Oregon, Inc. v. Alexander*, 269 Or. 389, 525 P.2d 135 (1974); and *Heintze Corp. Inc. v. Northwest Tech-Manuals, Inc.*, 7 Wash.App. 759, 502 P.2d 486 (1972).

While plaintiff insists *Thompson & Green Mach. v. Music City Lumber* explicitly rejected any exception to the statutory liability imposed on those who assume to act as a corporation without authority, such interpretation is overly broad. In that case, the plaintiff intended to contract with a corporate entity which, in fact, did not exist at the time the party signed the promissory note. The defendant was also unaware the corporation did not exist at the time of contract and argued that, since the plaintiff had dealt with the business as a corporation, plaintiff should be estopped to deny the corporate existence. The court rejected this argument and imposed liability on the defendant. At no point does the court address the issue of a promoter's liability on pre-incorporation contracts.

The general rule is a promoter's personal liability on a pre-incorporation contract entered with a third party is determined by the intent of the parties at the time of contract. *Molander v. Raugust-Mathwig, Inc.*, 44 Wash.App. 53, 722 P.2d 103 (1986); *Universal Industries Corp. v. Lindstrom*, 92 A.D.2d 150, 459 N.Y.S.2d 492 (1983); *Stap v. Chicago Aces Tennis Team, Inc.*, 63 Ill.App.3d 23, 20 Ill.Dec. 230, 379 N.E.2d 1298 (1978); *Stewart Realty Co. v. Keller*, 118 Ohio App. 49, 193 N.E.2d 179 (1962). *Accord:* 18 Am.Jur.2d, *Corporations*, § 136; 18 C.J.S., *Corporations*, § 132; and 1A Fletcher Cyclopedia, *Corporations*, § 215 (perm. ed. 1983). *See also* Annot., 41 ALR2d 477.

In the instant case, the stipulations of fact establish the plaintiff intended to look solely to Pottery Warehouse, Inc., for satisfaction of the obligation arising under the lease at the time of execution. At the time the lease was signed, plaintiff was aware of the nonexistence of the corporate entity and did not require Vosseller to sign the agreement in an individual capacity but as a president of a future corporate entity. The lease imputes no intention on the part of Vosseller to be bound personally.

Accordingly, we affirm the judgment of the trial court and remand, with cost of appeal assessed to appellant.

GODDARD, and ANDERSON, JJ., concur.