■ CLINTON INVESTORS COMPANY, II, Appellant, v BERNE WATKINS et al., Respondents, et al., Defendant.—Yesawich, Jr., J. Appeal (1) from that part of an order of the Supreme Court (Brown, J.), entered December 1, 1987 in Saratoga County, which, *inter alia,* granted a cross motion by defen-

dants Berne Watkins and Francis White for summary judgment dismissing the complaint against them, and (2) from the judgment entered thereon.

Plaintiff, as landlord, entered into a three-year lease with "The Clifton Park Learning Center" (hereinafter the learning center), as tenant; the lease, which expressly declared throughout that the tenant was "continuing occupancy", was executed on behalf of the tenant by defendant Berne Watkins, who represented himself to be the treasurer of the learning center. On May 31, 1984, the day before the lease term commenced, Watkins signed a rider to the lease, again as treasurer of the learning center, but the rider identified the tenant as "The Clifton Park Learning Center, Inc."

The learning center thereafter occupied the leased premises, procured utilities, conducted business in the corporate name, and paid rent and other expenses by corporate checks. However, Watkins and defendant Francis J. White, who had not consulted an attorney regarding the formation of this corporation, allegedly mistook their reservation of a business name with the Secretary of State for the filing of a certificate of incorporation. There is no mention in the record as to when the name (presumably, The Clifton Park Learning Center, Inc.) was reserved and it was not until February 11, 1985 that a certificate of incorporation, dated January 25, 1985, was filed.

By March 1986, the learning center had become delinquent in its rental payments. Plaintiff's management company requested that White, president of the learning center, sign a promissory note guaranteeing payment of the corporate rent, but White refused. Plaintiff then initiated this action for past rent, maintenance charges, real estate taxes, insurance, late fees and replacement of fixtures, all totaling $18,103.62, plus counsel fees. Thereafter plaintiff moved for summary judgment, prompting Watkins and White to cross-move for summary judgment dismissing the complaint against them. Supreme Court granted plaintiff's motion only as against defendant Clifton Park Learning Center, Inc. and dismissed the action with respect to Watkins and White. Plaintiff, as limited by its brief, appeals from the dismissal of its complaint against Watkins.

Because no corporation existed when Watkins signed the lease with plaintiff, his legal status was that of a promoter of the learning center (see, 13 NY Jur 2d, Business Relationships, § 106, at 376). Generally, a promoter who executes a preincorporation contract in the name of a proposed corpora-

tion is himself personally liable on the contract unless the parties have otherwise agreed *(see, id.,* § 111, at 380). Watkins asserts that because the learning center corporation subsequently adopted the lease he is therefore no longer liable on the lease. However, corporate adoption of a contract "gives rise to corporate liability in addition to any individual liability" *(Universal Indus. Corp. v Lindstrom,* 92 AD2d 150, 152) so that the promoter nevertheless remains obligated unless there has been a novation between the corporation and the plaintiff, which is not the situation here. Nor does the record disclose any explicit or implicit agreement by plaintiff not to hold Watkins personally liable on the lease *(cf., supra,* at 151-152). Furthermore, for Watkins to be relieved of his personal liability it must appear that in dealing with him plaintiff knew it was contracting with an as yet nonexistent principal. But the proof is that plaintiff was led to believe by Watkins that the corporation was indeed in existence at the commencement of the lease term *(cf., Weiss v Baum,* 218 App Div 83, 84-85).

Watkins also argues that because the learning center conducted its affairs with plaintiff as a corporation it should be treated as a de facto corporation. A pivotal element of a de facto corporation is a colorable attempt to comply with the statutes governing incorporation *(see, Kiamesha Dev. Corp. v Guild Props.,* 4 NY2d 378, 388; *see generally,* Henn and Alexander, Laws of Corporations § 140, at 329-331 [3d ed]). In the instant case, the only activity approaching colorable compliance is an alleged name reservation on an undisclosed date. Moreover, the action of the subsequently formed corporation to adopt the lease is an acknowledgment that Watkins had signed as a promoter of a proposed corporation. In sum, Watkins has failed to proffer evidence sufficient to raise a triable factual issue respecting whether he is personally liable on the lease with plaintiff.

Order and judgment modified, on the law, without costs, by reversing so much thereof as granted defendant Berne Watkins' cross motion for summary judgment and denied plaintiff's motion for summary judgment against said defendant; motion granted and cross motion denied to the extent that plaintiff is awarded summary judgment against defendant Berne Watkins on the issue of liability, and matter remitted to the Supreme Court to determine damages; and, as so modified, affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.