■ EDEN TEMPORARY SERVICES, INC., Appellant, v HOUSE OF EXCELLENCE INC., Respondent, et al., Defendant. [704 NYS2d 239] —Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about April 23, 1999, which denied plaintiff's motion for summary judgment against defendant House of Excellence Inc., unanimously reversed, on the law, with costs, the motion granted and the matter remanded for further proceedings.

Defendant House of Excellence Inc. was incorporated under the laws of the State of New York as a catering and wholesale food business. Shortly before its formation on June 30, 1998, defendant Winston Barry Forde entered into a verbal agreement for payroll services, which was memorialized in a letter from an employee of plaintiff Eden Temporary Services dated June 18, 1998. In conjunction with the agreement, Mr. Forde submitted a credit application on June 8, in which he represented that House of Excellence Inc. was the business name of the corporation, that he was its president and Elsworth Brewster its chief financial officer. Pursuant to the agreement, Eden provided services for the period June 14, 1998 to August 9, 1998 and remitted invoices totaling $60,331.91. Out of 88 invoices, 36 applied to the period prior to defendant's incorporation. A check from defendant business to plaintiff dated July 16, 1998 was returned by the bank for insufficient funds, and efforts by Eden's credit manager to collect the amount due were unavailing. Plaintiff commenced this action asserting breach of an oral agreement and account stated.

Plaintiff moved for summary judgment, submitting the letter which confirmed the agreement and set the billing rate at 130 percent of payroll, the affidavits of two employees, a statement of account, time sheets and the dishonored check from House of Excellence. In opposition, Elsworth Brewster submitted an affidavit stating that when the agreement was made, prior to incorporation, Winston Barry Forde could not have been an officer or director of House of Excellence Inc., that plaintiff had relied on Forde's personal guarantee, that the charge for payroll services was "extremely onerous" and that plaintiff must look to Forde for payment. In reply, plaintiff submitted Forde's affidavit, in which he states that "he arranged for plaintiff's services under the belief that defendant House of

Excellence Inc. was a corporation in existence at the time." These statements are corroborated by the credit application Forde submitted.

It is not disputed that Eden rendered the services claimed and that the corporation continued to accept them after its formation. Therefore, as plaintiff argued on the motion, the pre-incorporation contract has been ratified (*see, Matter of Reif [Williams Sportswear]*, 9 NY2d 387, 392; *Universal Indus. Corp. v Lindstrom*, 92 AD2d 150, 152). Defendant accepted the invoices for services rendered without protest, and Elsworth Brewster's signature appears on time sheets prepared by plaintiff. While "the burden of proving the existence, terms and validity of a contract rests on the party seeking to enforce it" (*Paz v Singer Co.*, 151 AD2d 234, 235, citing Fisch, Evidence § 1098 [2d ed]), the record establishes performance on the part of plaintiff and acceptance of the benefits of the contract by defendant corporation and its principal. These " 'are acts of part performance which go along with, relate to, and confirm the agreement, and which were clearly done in part execution thereof, and thus with the parol evidence establish the existence of the agreement' " (*Bright Radio Labs. v Coastal Commercial Corp.*, 4 AD2d 491, 494, *affd* 4 NY2d 1021, quoting *Wheeler v Reynolds*, 66 NY 227, 232). Therefore, defendant has failed to raise a bonafide issue of fact sufficient to defeat the motion for summary judgment (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231). Concur—Nardelli, J. P., Rubin, Andrias, Buckley and Friedman, JJ.