■ TERI-NICHOLS INDUSTRIAL FOOD MERCHANTS, LLC, Respondent, v ELK HORN HOLDING CORP., Appellant. [829 NYS2d 478]—

Order and judgment (one paper), Supreme Court, Bronx County (Lucindo Suarez, J.), entered May 18, 2006, which, to the extent appealed from, declared that plaintiff's tenancy is governed by an oral sublease for the premises, unanimously reversed, on the law, without costs, the judgment vacated and the matter remanded for further proceedings.

Plaintiff subleased space from defendant in the Hunts Point Market at a base rent of $29,571.70 under a December 2002 sublease that, as extended, expired on January 31, 2006. The language customarily inserted into a rental agreement rendering oral modification of the instrument ineffective is limited in the sublease to a guaranty of payment provision. Should plaintiff hold over, the extended sublease provides for payment of 1.5

times the stated rent during March and April and three times the stated amount beginning May 2006.

Following termination of the written lease, defendant permitted plaintiff to occupy the premises as a month-to-month tenant. By 30-day notice of termination dated March 6, 2006, defendant elected to end the month-to-month tenancy effective April 30, 2006. By order to show cause, plaintiff sought a preliminary injunction and temporary restraining order enjoining interference with its quiet enjoyment of the premises. Plaintiff asserted that the parties had entered into an oral lease providing for a month-to-month tenancy under the terms of the existing written sublease but at a base rent of $29,571.70 a month. It is alleged that a member of plaintiff's limited liability corporation negotiated the oral sublease, which was to remain in effect through June 30, 2006, in exchange for the surrender of plaintiff's right of first refusal to purchase defendant's shares in the cooperative that owns the building housing the subleased premises. With its application for injunctive relief, plaintiff submitted invoices it received for February and March at a base rent of $29,571.70 and its canceled checks representing payment. Thereafter, plaintiff received the termination notice and an invoice for rent at 1.5 times the amount specified by the written sublease. Its tender of the April rent in the amount provided in the oral sublease was rejected. Also in April, plaintiff received a letter stating that defendant was willing to enter into negotiations for the terms of a subtenancy continuing through May 31, 2006.

Supreme Court imposed a temporary restraining order and set a return date for mid-May. In response to the application for a preliminary injunction, defendant disputed the existence of the oral sublease, noting that plaintiff failed to identify the person from whom the purported oral sublease had been obtained or to specify the consideration defendant had received. Defendant asserted that there was no likelihood that plaintiff would prevail on the merits and argued that the equities did not favor plaintiff, alleging (contrary to the documentary evidence) that it had remained in the premises for 14 months beyond the expiration of its sublease and had thus received far more than the benefit of its bargain.

Supreme Court rendered judgment declaring that plaintiff had obtained an oral sublease expiring on June 30, 2006 with a base rent of $29,571.70. The court found that plaintiff's evidence supported its allegations and that defendant had failed to explain why it had sent invoices to plaintiff in the amount provided for in the oral sublease.

Supreme Court improperly converted this application for preliminary relief into a motion for summary judgment without providing notice to the parties or opportunity to lay bare their proof (*see Morris v Port Auth. of N.Y. & N.J.*, 290 AD2d 22, 26 [2002]). The court's prerogative to pass upon the sufficiency of the underlying pleading does not extend to the evaluation of conflicting evidence (*id.*) since the parties did not clearly chart a summary judgment course (*Four Seasons Hotels v Vinnik*, 127 AD2d 310, 320 [1987]). While plaintiff's submissions provided sufficient evidence to discern the material provisions of the asserted oral agreement (*see Eden Temporary Servs. v House of Excellence*, 270 AD2d 66, 67 [2000]; *cf. Wilmoth v Sandor*, 259 AD2d 252, 253 [1999]), defendant's submissions were expressly directed at injunctive relief and not unequivocally, clearly or deliberately directed to a determination of the ultimate issue. Concur—Tom, J.P., Mazzarelli, Williams, Buckley and McGuire, JJ.