■ UGIRI PROGRESSIVE COMMUNITY, INC., Appellant, v RAYMOND UKWUOZO et al., Respondents. [870 NYS2d 64]—

After commencement of the instant action, the plaintiff moved

for preliminary injunctive relief (*see* CPLR 6301). The Supreme Court never decided that motion. Instead, on its own initiative, the Supreme Court improperly attempted to adjudicate the rights of the parties with regard to issues beyond the requested preliminary injunction (*see Livas v Mitzner,* 303 AD2d 381, 382-383 [2003]).

In the order appealed from, among other things, the Supreme Court appointed a receiver to run the subject corporation and supervise a new election, scheduled a new election for officers of the corporation, and, in effect, suspended the powers of the current officers of the corporation. The parties did not petition the Supreme Court to direct a new election (*cf.* Not-For-Profit Corporation Law § 618), nor did the parties request the appointment of a receiver or the suspension of the powers of the current officers. A court " ' "should not interfere in the internal affairs of a [not-for-profit] corporation . . . unless a clear showing is made to warrant such action" ' " (*Nyitray v New York Athletic Club of City of N.Y.,* 195 AD2d 291 [1993], quoting *Matter of Scipioni v Young Women's Christian Assn. of Rochester & Monroe County,* 105 AD2d 1113 [1984]). Here, the Supreme Court erred by, in effect, interfering with the internal affairs of the subject corporation. Further, it undertook such actions without the benefit of a hearing or proof to warrant the same.

Under these circumstances, the error of the Supreme Court requires reversal. Moreover, we deem it appropriate to remit the matter to the Supreme Court, Queens County, for further proceedings before a different Justice. Rivera, J.P., Dillon, Covello and McCarthy, JJ., concur.