■ GRAND AERIE OF FRATERNAL ORDER OF EAGLES, Plaintiff/Third-Party Defendant-Appellant, v DONALD MOSTRANDO, Defendant/Third-Party Plaintiff-Respondent. DAVID J. BAMONTE et al., Additional Third-Party Plaintiffs-Respondents; DONALD YANCHUNIS et al., Third-Party Defendants-Appellants. (Matter No. 1.) In the Matter of DAVID J. BAMONTE, Petitioner, v FRATERNAL ORDER OF EAGLES, OSSINING AERIE No. 1545, Respondent. (Mat-

ter No. 2.) 3D FUNDING, INC., Formerly Known as PORITZKY FUNDING, INC., Plaintiff, v FRATERNAL ORDER OF EAGLES, OSSINING AERIE No. 1545, et al., Defendants. (Matter No. 3.) In the MATTER OF GARY L. MACDONALD, Petitioner, v FRATERNAL ORDER OF EAGLES OSSINING AERIE No. 1545, Respondent. (Matter No. 4.) [943 NYS2d 192]—

In an action, inter alia, pursuant to RPAPL article 15 to determine claims to certain real property (matter No. 1), a related action to foreclose a mortgage (matter No. 3), and related proceedings pursuant to the Not-for-Profit Corporations Law (matter Nos. 2 and 4), the plaintiff/third-party defendant and the third-party defendants in matter No. 1 appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Loehr, J.), entered March 17, 2011, as (a) converted that branch of the motion of the plaintiff/third-party defendant and, in effect, the third-party defendants in matter No. 1 which was to preliminarily enjoin the defendant/third-party plaintiff in that matter from entering upon the subject real property into one which was for summary judgment on the complaint in matter No. 1, and thereupon denied that branch of the motion, and (b) converted the cross motion of the defendant/third-party plaintiff and the additional third-party plaintiffs in matter No. 1 to preliminarily enjoin the plaintiff/third-party defendant and, in effect, the third-party defendants in that matter from conducting any proceedings to suspend, terminate, or revoke the membership rights of any person in Fraternal Order of Eagles, Ossining Aerie No. 1545, into a cross motion for summary judgment, in effect, declaring that Fraternal Order of Eagles, Ossining Aerie No. 1545, is the owner of the subject real property and permanently enjoining the plaintiff/third-party defendant, among other things, from interfering with title to and possession of the subject real property, and thereupon granted the cross motion.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings, including the determinations of that branch of the motion of the plaintiff/third-party defendant in matter No. 1 which was to preliminarily enjoin the defendant/third-party plaintiff in that matter from entering upon the subject real property and the cross motion of the defendant/third-party plaintiff and the additional third-party plaintiffs in matter No. 1 to preliminarily enjoin the plaintiff/third-party defendant in that matter from

conducting any proceedings to suspend, terminate, or revoke the membership rights of any person in Fraternal Order of Eagles, Ossining Aerie No. 1545.

After commencement of matter No. 1 pursuant to RPAPL article 15, the plaintiff in matter No. 1, Grand Aerie of the Fraternal Order of Eagles (hereinafter Grand Aerie) moved, inter alia, to preliminarily enjoin the defendant in that matter, Donald Mostrando, from entering upon the subject real property. Thereafter, Mostrando and other members of Fraternal Order of Eagles, Ossining Aerie No. 1545 (hereinafter Aerie No. 1545) commenced a third-party action against Grand Aerie and others, and cross-moved to preliminarily enjoin Grand Aerie and, in effect, its agents, including the other third-party defendants, from conducting any proceedings to suspend, terminate, or revoke the membership rights of any person in Aerie No. 1545, including the right to possess and use the subject property. Instead of determining whether any of the parties satisfied the tripartite test for preliminary injunctive relief (*see Doe v Axelrod*, 73 NY2d 748, 750 [1988]; *Automated Waste Disposal, Inc. v Mid-Hudson Waste, Inc.*, 50 AD3d 1072, 1073 [2008]), the Supreme Court converted the relevant branch of Grand Aerie's motion into one which was for summary judgment on the complaint, converted the cross motion into a cross motion for summary judgment, in effect, for declaratory and permanent injunctive relief, and decided the ultimate issues. Grand Aerie and the other third-party defendants appeal. We reverse the order insofar as appealed from.

A "motion for a temporary injunction opens the record and gives the court authority to pass upon the sufficiency of the underlying pleading" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 272 [1977]). However, this power does not extend to an evaluation of conflicting evidence (*see Livas v Mitzner*, 303 AD2d 381, 382 [2003]; *Ratner v Steinberg*, 259 AD2d 744 [1999]). Accordingly, the motion court may not, on its own initiative, convert a motion for a preliminary injunction into one for summary judgment without giving adequate notice to the parties and affording them an opportunity to lay bare their proof (*see Ugiri Progressive Community, Inc. v Ukwuozo*, 57 AD3d 656, 657 [2008]; *68 Burns New Holding, Inc. v Burns St. Owners Corp.*, 18 AD3d 857 [2005]). Here, there is no indication in the record that the Supreme Court provided notice to the parties that the motion and cross motion for preliminary injunctive relief would be treated as a motion and cross motion for summary judgment, or that the parties agreed to chart a summary judgment course (*see Moore v Ruback's Grove Campers' Assn., Inc.*, 85 AD3d

1220, 1221 [2011]; *Teri-Nichols Indus. Food Merchants, LLC v Elk Horn Holding Corp.*, 37 AD3d 198, 200 [2007]). Accordingly, the Supreme Court erred in treating the motion and cross motion as if they were for summary judgment and determining them on that basis.

Under the unique factual circumstances of this case, we decline to exercise our discretion to determine that branch of Grand Aerie's motion which was for a preliminary injunction, or the cross motion for a preliminary injunction (*see Moore v Ruback's Grove Campers' Assn., Inc.*, 85 AD3d at 1221; *Byrne Compressed Air Equip. Co. v Sperdini*, 123 AD2d 368, 369 [1986]). Rather, we remit the matter to the Supreme Court, Westchester County, for further proceedings, including the determinations of that branch of the motion and the cross motion (*see Ugiri Progressive Community, Inc. v Ukwuozo*, 57 AD3d at 657). Rivera, J.P., Florio, Chambers and Cohen, JJ., concur.