Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered July 21, 2011, which, to the extent appealed from as limited by the briefs, granted defendants’ motion to dismiss the complaint as against the individual defendant, William N. Bernstein, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered December 20, 2011, which, to the extent appealed from, upon reargument, adhered to the determination on the original motion, unanimously dismissed, without costs, as academic.
Although the individual defendant signed an agreement to provide architectural services on behalf of a nonexistent corporate entity and failed to disclose that the nonexistent *894 entity was, in fact, a “trade name” for an otherwise undisclosed principal, we note that defendant has willingly allowed its proper corporate name to be substituted. Furthermore, the complaint against the individual defendant was correctly dismissed since the parties’ agreement expressly absolved the defendant of any personal liability in connection with architectural services performed under the agreement (see generally Clinton Invs. Co., II v Watkins, 146 AD2d 861, 862-863 [3d Dept 1989]; Universal Indus. Corp. v Lindstrom, 92 AD2d 150, 151 [4th Dept 1983]; cf. Geron v Amritraj, 82 AD3d 404, 405 [1st Dept 2011]). Parties to arm’s-length transactions may agree to waive claims based on personal liability (see Lawrence v Kennedy, 95 AD3d 955, 959 [2d Dept 2012]). Moreover, contractual provisions that absolve a party of its own negligence are enforceable, absent evidence of gross negligence (see Colnaghi, U.S.A. v Jewelers Protection Servs., 81 NY2d 821, 823 [1993]). Here, the complaint alleges breach of contract and professional negligence, but not gross negligence. Concur — Andrias, J.P., Sweeny, Moskowitz, Freedman and Richter, JJ.