Yu Ping Wang v Chavez (2023 NY Slip Op 04397)

Yu Ping Wang v Chavez

2023 NY Slip Op 04397

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-00623
 (Index No. 709719/20)

[*1]Yu Ping Wang, et al., appellants,
v
Saul Chavez, et al., respondents.

Mischel & Horn, P.C., New York, NY (Scott T. Horn of counsel), for appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for trespass and for injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered December 29, 2020. The order, insofar as appealed from, in effect, converted the defendants' cross-motion, inter alia, to dismiss the plaintiffs' motion, among other things, for a preliminary injunction into one for summary judgment dismissing the complaint, and granted the defendants summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the complaint is reinstated.
The parties are owners of neighboring properties in Queens. In July 2020, the plaintiff commenced this action against the defendants, inter alia, to recover damages for trespass and for injunctive relief, and moved, among other things, for a preliminary injunction enjoining the defendants from encroaching on the plaintiffs' property. In response, the defendants cross-moved, inter alia, to dismiss the plaintiffs' motion on the ground that the defendants own the encroached-upon area by adverse possession and for a declaration that the defendants own the disputed area. In an order entered December 29, 2020, the Supreme Court denied the plaintiffs' motion, described the defendants' cross-motion as one "for summary judgment in their favor dismissing the complaint," and granted the defendants summary judgment dismissing the complaint. The plaintiffs appeal.
The Supreme Court erred in granting the defendants summary judgment dismissing the complaint. A motion for a preliminary injunction "opens the record and gives the court authority to pass upon the sufficiency of the underlying pleading" (Guggenheimer v Ginzburg, 43 NY2d 268, 272; see Rhodes v CitiMortgage, Inc., 207 AD3d 767, 769; Carroll v Dicker, 162 AD3d 741, 742).
However, "'the motion court may not, on its own initiative, convert a motion for a preliminary injunction into one for summary judgment without giving adequate notice to the parties and affording them an opportunity to lay bare their proof'" (Carroll v Dicker, 162 AD3d at 742, quoting Grand Aerie of Fraternal Order of Eagles v Mostrando, 94 AD3d 1050, 1052; see Hoeffner v John F. Frank, Inc., 302 AD2d 428, 430).
Here, the Supreme Court improperly, in effect, converted the defendants' cross-motion, inter alia, to dismiss the plaintiffs' motion, among other things, for a preliminary injunction into one for summary judgment without notifying the parties of its intent to do so (see Carroll v Dicker, 162 AD3d at 742; Grand Aerie of Fraternal Order of Eagles v Mostrando, 94 AD3d at 1052). Moreover, to the extent the court interpreted that branch of the defendants' cross-motion which sought declaratory relief as being for summary judgment, it nevertheless erred in granting this branch of the defendants' cross-motion prior to joinder of issue (see CPLR 3212[a]; OneWest Bank, [*2]FSB v Bernstein, 196 AD3d 591, 591).
In light of our determination, we need not reach the plaintiffs' remaining contention.
BARROS, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.

2021-00623 DECISION & ORDER ON MOTION
Yu Ping Wang, et al., appellants,
v Saul Chavez, et al., respondents.
(Index No. 709719/20)

Motion by the respondents, inter alia, to dismiss an appeal from an order of the Supreme Court, Queens County, entered December 29, 2020, on the ground that no appeal lies from an order entered upon the default of the appealing party. By decision and order on motion of this Court dated February 18, 2022, that branch of the motion which is to dismiss the appeal on the ground that no appeal lies from an order entered upon the default of the appealing party was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal on the ground that no appeal lies from an order entered upon the default of the appealing party is denied.
BARROS, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court