OPINION OF THE COURT
Cooke, J.
Noah Webster, whose name in this country became synonymous with the word dictionary, completed his "American Dictionary of the English Language” about a century and a half before this controversy involving defendant’s advertising of a volume entitled "Webster’s Encyclopedic Dictionary of the English Language”.
In early 1975, defendant filed in the County Clerk’s Office of New York County a certificate of conducting business under the name of "The Webster’s Dictionary Company”. His subsequent commercial announcements in various well-known publications brought forth this suit by the Commissioner of Consumer Affairs of the City of New York, pursuant to the Consumer Protection Law of 1969 (Administrative Code of City of New York, ch 64, tit A), seeking among other things a permanent injunction enjoining the continued advertising that the dictionary is the authentic Webster’s, that its list price is $39.95, that there is any list price for it unless it is genuine within the meaning of said law, that the Webster’s Dictionary Company is the publisher, that the reason for the price of $19.95 is the depressed economy and that $19.95 is an unprecedented low price for this dictionary.
When plaintiff moved for an injunction restraining such advertising during the pendency of the action, Special Term held that "not only has plaintiff failed to show that there is a clear right to relief, but has also totally failed to state a cause of action” and under "such circumstances” the court felt "compelled to exercise its sua sponte powers to dismiss the complaint as hereinafter directed”.[1] The Appellate Division, two Justices dissenting, affirmed. The majority observed that arguably the complaint does state a cause of action but that a pragmatic view indicates only a slight chance of ultimate *272 success. As a matter of discretion, it allowed the condition in Special Term’s order to stand.
It has been stated that a motion for a temporary injunction opens the record and gives the court authority to pass upon the sufficiency of the underlying pleading (see, e.g., Shapiro v City of New York, 67 Misc 2d 1021, 1028, affd 32 NY2d 96, app dsmd 414 US 804, mot for reh den 414 US 1087; Leonard v John Hancock Mut. Life Ins. Co., 118 NYS2d 170, 171, affd 281 App Div 859; Challenger v Household Fin. Corp., 179 Misc 966, affd 266 App Div 844). If it be deemed that Special Term granted summary judgment in favor of defendant, in so doing it disregarded CPLR 3211 (subd [c]), as amended, which so far as pertinent requires that upon a motion for dismissal upon the ground that the pleading fails to state a cause of action, under paragraph 7 of subdivision (a), the court, "after adequate notice to the parties”, may treat the motion as one for summary judgment. Since there was no notice, there could be no conversion to a summary judgment motion, even on the court’s initiative, and the affidavits were received for a limited purpose only, a purpose unconnected with summary judgment (see Rovello v Oroñno Realty Co., 40 NY2d 633, 636). Hence, the proper focus is on whether the complaint states a cause of action.
In this State, the Legislature has declared deceptive acts and practices and false advertising in the conduct of any business to be unlawful (General Business Law, § 349, subd [a]; § 350; see, also, Executive Law, § 63, subd 12), and the City of New York has in its Administrative Code a prohibition against engaging "in any deceptive * * * trade practice in the sale * * * or in the offering for sale * * * of any consumer goods” (§ 2203d-1.0). A deceptive trade practice is defined in part as "[a]ny false * * * or misleading * * * written statement * * * or other representation of any kind made in connection with the sale * * * or in connection with the offering for sale * * * of consumer goods * * * which has the capacity, tendency or effect of deceiving or misleading customers” (§ 2203d-2.0). Whenever any person has engaged in any acts or practices constituting violations of any provision of said title A or any rule or regulation promulgated thereunder, the City of New York is authorized to make application for an order enjoining such acts or practices and for a temporary or permanent injunction, restraining order or other order of enjoinment (§ 2203d-4.0, subd d). To establish such a cause of *273 action, it need not be shown that consumers are being or were actually injured (§ 2203d-4.0, subd e). In weighing a statement’s capacity, tendency or effect in deceiving or misleading customers, we do not look to the average customer but to the vast multitude which the statutes were enacted to safeguard— including the ignorant, the unthinking and the credulous who, in making purchases, do not stop to analyze but are governed by appearances and general impressions (cf. People v Volkswagen of Amer., 47 AD2d 868; Floersheim v Weinburger, 346 F Supp 950, 957).
The complaint basically states that plaintiff is the Commissioner of the Department of Consumer Affairs of the City of New York, that the action is instituted pursuant to the Administrative Code (ch 64, tit A), that defendant has filed a certificate of conducting business under the name of the Webster Dictionary Company with a principal place of business at 1775 Broadway, New York, New York, and that defendant is in the business of selling Webster’s Encyclopedic Dictionary of the English Language through the mails, orders being obtained through the use of mass newspaper advertising in the City of New York. Copies of defendant’s advertisements are annexed. Four causes of action are declared, in the first of which it is asserted that defendant advertises said dictionary as "The Authentic Webster’s”, that there is no authentic Webster’s dictionary in existence, and that this representation of authenticity constitutes a violation of section 2203d-2.0 (subd a, par [1]) of the Consumer Protection Law in that defendant makes claim that the dictionary he sells is of a particular standard, quality, grade or model which is not true.[2]
In the second, plaintiff alleges that defendant advertises that he is selling a $39.95 list price dictionary for only $19.95, that plaintiff’s department has found upon investigation that no retailer of books in New York City who was questioned sold said volume for $39.95, and that this representation as to a list of $39.95 violates subdivision (3) of regulation 13.7 of the Consumer Protection Law Regulations[3] in that the list price is *274 not genuine because the price is not one at which substantial quantities of the identical merchandise have been sold to the public within the recent regular course of business by the advertiser or principal retail outlets within the New York City trading area.
For the third cause of action, it is averred that defendant represents in his advertising that "Because of the depressed economy, most book publishers are in financial trouble. The Webster’s Dictionary Company is no exception. And just as the major auto companies have taken drastic steps to improve sales, we hereby announce an incredible price slash on our * * * Webster’s Encyclopedic Dictionary of the English Language: ONLY $19.95 !!” It is further asserted that defendant is not in the publishing business, that defendant did not print these dictionaries but purchased them from the Consolidated Book Publishers, that said concern sells these books to any supplier or retailer at a price substantially less than $19.95 and that these representations constitute a violation of section 2203d-2.0 (subd a, par [6]) of the Administrative Code since defendant made a false and misleading representation of fact concerning the reasons for price reductions.[4]
The complaint’s fourth and final cause alleges that defendant has advertised and continues to advertise that $19.95 is an unprecedented low price for this dictionary and adds new meaning to the word "bargain”, that the only major seller of said work in New York City sells same for $14.98, and that said representation by defendant constitutes a violation of section 2203d-2.0 (subd a, par [6]) of the Administrative Code in that it is a false and misleading representation of fact concerning defendant’s price in relation to competitors’ prices.
Aside from a summary judgment approach, whether the pleading was weighed without evidentiary material or tested in the light of it, the complaint should not have been *275 dismissed. Initially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail (see Foley v D'Agostino, 21 AD2d 60, 64-65; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3211:24, p 31; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.36). When evidentiary material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, again dismissal should not eventuate (see Rappaport v International Playtex Corp., 43 AD2d 393, 394-395; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.36; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3211:25, p 31). Each of the complaint’s causes of action embraces a forbidden type of deception set forth with sufficient factual specificity and fullness, so as to identify the transaction and indicate the theory of redress to enable the court to control the matter and the adversary to prepare (see Foley v D'Agostino, 21 AD2d 60, 62-63, supra), and the essential facts have not been negated beyond substantial question by the affidavits submitted in respect to the temporary injunction application so that it might be ruled that the pleader does not have the causes of action (see Kelly v Bank of Buffalo, 32 AD2d 875).
With respect to the denial of the application for a preliminary injunction, this court will not review that denial since no abuse of discretion has been claimed or shown (see Cohen and Karger, Powers of the New York Court of Appeals, §§ 153, 158; see, also, Rosemont Enterprises v Irving, 41 NY2d 829). Of course, the court does not pass upon such applications for temporary provisional relief as may in the future be made. Accordingly, the order of the Appellate Division should be reversed and the complaint reinstated.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order reversed, with costs, and the complaint reinstated.

. The order of Special Term provided, however, that, if defendant failed to advertise the correct title of the dictionary ("The Living Webster’s Encyclopedic Dictionary of the English Language”) within 10 days from service of a copy thereof with notice of entry, plaintiif may reinstitute the action and renew the application for a preliminary injunction. It is obvious from the briefs of both parties that the order in this respect was complied with and thus "finalized”.

. Under section 2203d-2.0, deceptive trade practices include "(1) representations that goods * * * are of a particular standard, quality, grade, style or model, if they are of another”.

. Under section 2203d-3.0, the Commissioner of Consumer Affairs is empowered to "adopt such rules and regulations as may be necessary to effectuate the purposes of this title [ch 64, tit A], including regulations defining specific deceptive or unconscionable trade practices.” *274 Under regulation 13.7, "[a]ny 'list’ price * * * must be genuine”; and under subdivision (2) of regulation 13.1, "genuine”, when used in regulation 13 with phrases such as "list price”, "shall mean that the price is one at which substantial quantities of the identical merchandise have actually been sold to the public within the recent regular course of business by the advertiser or principal retail outlets within the New York City trading area”.

. Under section 2203d-2.0 (subd a, par [6]), deceptive trade practices include: "(6) making false or misleading representations of fact concerning the reasons for, existence of, or amounts of price reductions, or price in comparison to prices of competitors”.