■ MAGDA ABOU-SAIF et al., Respondents, v BERKELEY ASSOCIATES COMPANY et al., Appellants. — Order, Supreme Court, New York County (P. J. McQuillan, J.), entered December 22, 1982 granting injunctive relief to plaintiffs, is unanimously modified, on the law and the facts, and in the exercise of discretion, so as to strike the first, second and fourth decretal paragraphs and substitute therefor the following: "ORDERED, that defendants are preliminarily enjoined during the pendency of this action until further order of the court from depriving plaintiffs of access to and occupancy of apartment 9A at 429 East 52nd Street, New York City, so long as said plaintiffs shall comply with all covenants of the lease from defendants to plaintiff Magda Abou-Saif (other than any covenant against subletting so far as applies to the sublease to plaintiff Schultz), and defendants are restrained from attempting to oust said plaintiffs from access to and occupancy of said apartment otherwise than through appropriate judicial or administrative proceedings; and defendants are further preliminarily restrained from executing and delivering a lease for said apartment to anyone other than plaintiffs unless said lease is explicitly made subject to the determination of plaintiffs' rights by appropriate judicial or administrative proceedings", and the order is otherwise affirmed, without costs. Certain of the provisions of the order appealed from in essence grant final judgment in favor of plaintiffs, e.g., directing defendant to consent to the sublease to plaintiff Schultz. We think the case is not ripe for such final determination of the rights of the parties. On the other hand, the *status quo* should be maintained until the rights of the parties can be properly determined. This is indicated by consideration of the relative merits and the likelihood of irreparable injury. Most importantly, balancing the relative hardships and equities, it would be less hardship to the landlord to permit plaintiff Schultz to continue to occupy the apartment than it would be to plaintiffs to leave the apartment vacant while plaintiff Abou-Saif must continue to pay the rent until final judgment. Concur — Sandler, J. P., Asch, Silverman, Bloom and Fein, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. IRVING ANOLIK, on Behalf of FRANK CORIGLIANO, Appellant, v COMMISSIONER OF CORRECTION OF THE CITY OF NEW YORK, Respondent. — Order, Supreme Court, Bronx County (Vincent Vitale, J.), entered on November 3, 1983, unanimously affirmed, without costs and without disbursements. Concur — Sullivan, J. P., Silverman, Bloom and Kassal, JJ.

Asch, J., concurs in a memorandum as follows: Concededly, defendant undergoes dialysis treatment three days a week. On oral argument it was stated by his counsel that although appellant is now lodged in the hospital ward of Rikers Island, he is transported three times a week to Bellevue for the dialysis. Allegedly, this entails five hours of van transportation to and from Bellevue in addition to the time needed for dialysis. This may impose an unnecessary and painful hardship on the defendant as well as a limitation on the ability of his lawyer to confer with him. This may be obviated by keeping him in the prison ward at Bellevue where he had been incarcerated when this appeal was taken. If this situation exists and is not mandated by administrative necessity, the Correction Department should alleviate the problem.

■ MERCHANTS BANK OF NEW YORK, Respondent, v G.I.G. INTERNATIONAL DIAMOND CORP. et al., Appellants, et al., Defendants. — Judgment, Supreme Court, New York County (Stephen Crane, J.), entered on January 14, 1983, unanimously affirmed for the reasons stated by S. Crane, J., at Special Term. Respondent shall recover of appellants $75 costs and disbursements of this appeal. No opinion. Concur — Sandler, J. P., Asch, Silverman, Fein and Alexander, JJ.