■ CELLULAR TELEPHONE COMPANY, Doing Business as CELLULAR ONE, Respondent, v VILLAGE OF TARRYTOWN et al., Appellants. [619 NYS2d 746] —In an action, inter alia, to declare that Local Laws of 1994, enacting chapter 212 of the Code of the Village of Tarrytown, entitled "Moratorium on Installation of Antennas", is null and void, the defendants appeal from an order of the Supreme Court, Westchester County (Barone, J.), dated October 3, 1994, which made the declaration.

Ordered that the order is reversed, on the law, without costs or disbursements, the plaintiff's motion which is for a preliminary injunction staying enforcement of Local Laws of 1994, enacting chapter 212 of the Code of the Village of Tarrytown is granted to the extent that the plaintiff is authorized to take any action necessary to erect the cellular telephone antennae, short of actually installing the cells, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

The plaintiff commenced this action for a judgment declaring Local Laws of 1994, enacting chapter 212 of the Code of

the Village of Tarrytown (hereinafter the Local Law) null and void. The Local Law imposed a three-month moratorium on the installation on all cellular telephone antennae. The plaintiff moved for a "preliminary injunction", preventing the enforcement of the subject Local Law, "pending a hearing and determination of the within action". Presented with the plaintiff's motion for a preliminary injunction, the Supreme Court nevertheless proceeded to set aside the Local Law and declared it to be null and void. We find that the court erred in adjudicating the rights of the parties with regard to issues beyond the requested preliminary injunction.

The court's order, in essence, granted final judgment in favor of the plaintiff, by declaring the Local Law null and void. The record provides no indication that the defendants were given any notice that the plaintiff's motion for a preliminary injunction would be treated as one for a permanent injunction. Indeed, a review of the papers submitted by both parties evinces that the narrow issue presented to the Supreme Court was whether to grant the requested preliminary relief. Under these circumstances, the case is not ripe for a final determination of the rights of the parties (see, Abou-Saif v Berkeley Assocs. Co., 99 AD2d 425).

However, the status quo should be maintained until the rights of the parties can properly be determined. Since the plaintiff has demonstrated: (1) the likelihood of ultimate success on the merits; (2) that it will suffer irreparable injury absent the granting of the preliminary injunction; and (3) that the equities lie in its favor (see, CPLR 6301), a preliminary injunction authorizing the plaintiff to take any action necessary to erect the cellular telephone antennae, short of actually installing the cells, shall remain in effect pending a determination of this action. Copertino, J. P., Pizzuto, Santucci and Florio, JJ., concur.