■ MICHAEL FARRELL, Respondent, v JOHN B. KIERNAN, as Commissioner of the Nassau County Department of Recreation and Parks, et al., Appellants. [623 NYS2d 314] —In an action for a permanent injunction, the defendants appeal from an order of the Supreme Court, Nassau County (Kutner, J.), entered November 10, 1993, which *sua sponte,* and without notice to the parties, converted the plaintiff's motion for a preliminary injunction to one for summary judgment and granted summary judgment to the plaintiff.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The plaintiff, an employee of the County of Nassau, contends that he was assigned to "out-of-title work" in violation of Civil Service Law § 61 (2). The plaintiff moved for a preliminary injunction precluding his employer from continuing to assign him to out-of-title work. In addition, his motion papers sought "such other and further relief as this court deems just and proper". The court, without notice to the parties, converted the plaintiff's motion into a motion for summary judgment and granted him summary judgment. We now reverse.

Given the relief requested by the plaintiff the Supreme Court could, after adequate notice to the parties, have treated the motion for a preliminary injunction as a motion for summary judgment. "Requiring that * * * the parties be given notice that the court will consider [a motion] as a 3212

motion reduces the possibility of gamesmanship, while at the same time permitting the court to deal with the issue in the most efficient manner" *(Rich v Lefkovits,* 56 NY2d 276, 282; *cf.,* CPLR 3211 [c]; *Mihlovan v Grozavu,* 72 NY2d 506; *Guggenheimer v Ginzburg,* 43 NY2d 268; *Four Seasons Hotels v Vinnik,* 127 AD2d 310).

Accordingly, the order is reversed and the matter is remitted to the Supreme Court for the purpose of providing the defendants with adequate notice of the court's intention to convert the plaintiff's motion into a motion for summary judgment, so as to permit the defendants an opportunity to lay bare their proof in opposition. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.