■ Scott J. Ratner et al., Appellants, v Eric H. Steinberg, Respondent. [687 NYS2d 432] —In an action, *inter alia,* to permanently enjoin the defendant Eric H. Steinberg, D.O., from holding himself out as employed by the plaintiff corporation, the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Carter, J.), dated March 9, 1998, as dismissed the complaint.

Ordered that the order is reversed insofar as appealed from, with costs, and the complaint is reinstated.

It is well settled that "a motion for a temporary injunction opens the record and gives the court authority to pass upon the sufficiency of the underlying pleading" (*Guggenheimer v Ginzburg,* 43 NY2d 268, 272). However, this power does not extend to an evaluation of conflicting evidence (*see, Six Nations Apt. Hous. Fund Dev. Co. v Six Nations Props.,* 175 AD2d 567), and if a complaint states a cause of action, the court may not dismiss it on a motion for a preliminary injunction (*see, Chiarolanza v Phelps,* 251 AD2d 1038). Moreover, the court may not, on its own initiative, convert a motion for a preliminary injunction into one for summary judgment without giving adequate notice to the parties and affording the parties an opportunity to lay bare their proof (*see, Guggenheimer v Ginzburg, supra; Farrell v Kiernan,* 213 AD2d 373; *EDP Hosp. Computer Sys. v Bronx-Lebanon Hosp. Ctr.,* 212 AD2d 569). Here, the complaint is sufficient to state a cause of action, and the Supreme Court failed to give the parties notice that it was, in effect, converting the motion for a preliminary injunction into one for summary judgment. Accordingly, under the cir-

cumstances of this case, the court erred in dismissing the complaint (*see, Guggenheimer v Ginzburg, supra; Farrell v Kiernan, supra; EDP Hosp. Computer Sys. v Bronx-Lebanon Hosp. Ctr., supra; cf., Bero v Bero,* 143 AD2d 866). S. Miller, J. P., Santucci, Friedmann and Florio, JJ., concur.