■ NIKI LIVAS, Respondent, v MARK MITZNER, Appellant. [756 NYS2d 274] —In an action, inter alia, for a judgment declaring that an easement located on the plaintiff's property in the Village of Westhampton Beach had been extinguished, the defendant appeals from an order of the Supreme Court, Suffolk County (Henry, J.), dated October 31, 2001, which granted the plaintiff's motion to preliminarily enjoin him from constructing a walkway across the easement and declared that the easement had been extinguished.

Ordered that the order is modified by (1) deleting the provision thereof declaring that the easement had been extinguished, and (2) adding thereto a provision granting the motion on condition that the plaintiff post an undertaking pursuant to CPLR 6312 (b), in an amount to be fixed by the Supreme Court, Suffolk County; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

Reciprocal easements were created over the defendant's bayfront property and the plaintiff's beachfront property in the Village of Westhampton Beach by deeds from a common grantor in 1964. This dispute concerns the defendant's use of a 3-foot wide pedestrian right-of-way located on the eastern portion of the plaintiff's property stretching from Dune Road to the Atlantic Ocean. The defendant purchased the property in 1995, and in 1998 requested that the plaintiff clear vegetation from the easement so that he could construct a wooden walkway over the easement in accordance with Village law. The plaintiff denied the request and commenced this action, inter alia, for a judgment declaring the defendant's rights to

the easement extinguished. The plaintiff subsequently moved to preliminarily enjoin the defendant from constructing the crosswalk pending determination of the action. By order dated October 31, 2001, the Supreme Court granted the plaintiff a preliminary injunction and declared that the subject easement had been extinguished by abandonment. Thereafter, the Supreme Court set a hearing date to settle the issue of whether the plaintiff was entitled to a permanent injunction.

The Supreme Court failed to set forth specific findings with respect to the tripartite test for preliminary injunctive relief, which requires that the moving party establish (1) a likelihood of success on the merits, (2) irreparable harm if the injunction is denied, and (3) a balance of the equities in favor of the injunction (*see* CPLR 6312 [a]; *Matter of Merscorp, Inc. v Romaine,* 295 AD2d 431 [2002]). Upon a review of the record, however, we agree with the court's decision to grant a preliminary injunction to preserve the status quo (*see Gerbig v Zumpano,* 7 NY2d 327 [1960]; *Chapman v Vondorpp,* 256 AD2d 297 [1998]; *cf. Consolidated Rail Corp. v MASP Equip. Corp.,* 67 NY2d 35 [1986]).

The Supreme Court erred in settling the issue of whether the easement had been abandoned. It is well settled that "a motion for a temporary injunction opens the record and gives the court authority to pass upon the sufficiency of the underlying pleading" (*Guggenheimer v Ginzburg,* 43 NY2d 268, 272 [1977]). However, the inquiry is limited to whether the plaintiff has a cause of action, and the court's power does not extend to an evaluation of conflicting evidence (*see Ratner v Steinberg,* 259 AD2d 744 [1999]; *Six Nations Apt. Hous. Fund Dev. Co. v Six Nations Props.,* 175 AD2d 567 [1991]). Moreover, the court may not, on its own initiative, convert a motion for a preliminary injunction into one for summary judgment without giving adequate notice to the parties and affording them an opportunity to lay bare their proof (*see Guggenheimer v Ginzburg, supra; Ratner v Steinberg, supra; Farrell v Kiernan,* 213 AD2d 373 [1995]).

Contrary to the plaintiff's argument, adequate notice was not provided to the parties that the court would treat the plaintiff's motion for a preliminary injunction as a motion for partial summary judgment on the issue of whether the easement had been abandoned by the defendant and his predecessors in interest. There is nothing in the record to indicate that the defendant sought summary judgment pursuant to CPLR 3212 as to permit the court to search the record and grant the plaintiff partial summary judgment. Consequently, the court's

resolution of the issue was procedurally premature and, it erred in adjudicating the rights of the parties with regard to issues beyond the requested preliminary injunction (*see Cellular Tel. Co. v Village of Tarrytown,* 210 AD2d 196 [1994]).

We note that the record is devoid of any evidence that the plaintiff submitted an undertaking in conjunction with her request for a preliminary injunction. While fixing the amount of an undertaking when granting a motion for a preliminary injunction is a matter within the sound discretion of the court, CPLR 6312 (b) clearly and unequivocally requires the party seeking an injunction to give an undertaking (*see Schwartz v Gruber,* 261 AD2d 526 [1999]).

Upon remittal, the plaintiff is directed to file the required undertaking in an amount fixed by the court in order to preserve the injunction (*see Olechna v Town of Smithtown,* 51 AD2d 1036 [1976]). Ritter, J.P., Altman, S. Miller and Townes, JJ., concur.