■ ROCHESTER CITY SCHOOL DISTRICT, Appellant, v COUNTY OF MONROE et al., Respondents. (Appeal No. 1.) [786 NYS2d 771]— Appeal from an amended order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered April 5, 2004 in an action for a declaratory judgment and an injunction. The amended order denied plaintiff's motion for an injunction and granted judgment declaring, among other things, that defendants are not obligated to fund plaintiff's general health services and nursing program.

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered April 26, 2004 in an action for a declaratory judgment and an injunction. The judgment denied plaintiff's motion for an injunction and granted judgment declaring, among other things, that defendants are not obligated to fund the general health services and nursing program of plaintiff.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action against defendants, the County of Monroe and its Executive (collectively, County), seeking declaratory and injunctive relief. Plaintiff alleges that the County is under a duty to provide and fund general health services, including the provision of school nurses and other health personnel, in and for the Rochester City schools, as the County had been doing since 1958. In its budget for fiscal year 2004, the Monroe County Legislature had

eliminated all funding for school health services other than those services, particularly immunizations for impoverished children, mandated by state law.

Supreme Court did not err in determining the legal insufficiency of the allegations of the complaint on plaintiff's motion for a preliminary injunction (*see generally Guggenheimer v Ginzburg,* 43 NY2d 268, 272 [1977]; *Farrell v Kiernan,* 213 AD2d 373, 373-374 [1995]). The court gave "adequate notice to the parties" of its intention to treat the motion as one for summary judgment and further gave the parties an opportunity to lay bare their proof (CPLR 3211 [c]; *see generally Guggenheimer,* 43 NY2d at 272; *Livas v Mitzner,* 303 AD2d 381, 382 [2003]; *Morris v Port Auth. of N.Y. & N.J.,* 290 AD2d 22, 26 [2002]; *Clark v New York State Off. of Parks, Recreation & Historic Preserv.,* 288 AD2d 934 [2001]). In response, the parties each made extensive submissions to the court in support of their respective requests for summary disposition, thereby " 'deliberately charting a summary judgment course' " (*Mihlovan v Grozavu,* 72 NY2d 506, 508 [1988]; *see Ubaydah v State Farm Mut. Auto. Ins. Co.,* 8 AD3d 984 [2004]; *Carcone v D'Angelo Ins. Agency,* 302 AD2d 963, 963-964 [2003]).

With respect to the merits, the court properly determined as a matter of law that the County is under no legal obligation to continue to fund general school health services in and for plaintiff. Contrary to the contention of plaintiff, there is no basis for application of the doctrine of estoppel here. Plaintiff cannot establish one of the essential elements of that doctrine, i.e., detrimental reliance on, or a detrimental change of position as a result of, a representation, position or undertaking by or of the County, the party sought to be estopped (*see generally United Commodities-Greece v Fidelity Intl. Bank,* 64 NY2d 449, 457 [1985], *rearg denied* 65 NY2d 923 [1985]; *Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 184 [1982], *rearg denied* 57 NY2d 674 [1982]; *Comvest Consulting v W.R.S.B. Dev. Co.,* 266 AD2d 890 [1999]).

We further reject plaintiff's contention that there is a County obligation to fund general health services in the city schools based on "historical precedent." In support of its contention, plaintiff relies upon certain provisions of the Monroe County Charter. We note that, in 1958, by enactment of what is now County Charter § C6-12 (A), (B), and (C), the County Department of Public Health was created, upon which "devolve[d] . . . all powers and duties of" the City of Rochester Department of Health (§ C6-12 [C]). Nevertheless, we perceive nothing in the County Charter provisions or in the related materials submitted

by plaintiff that made it a perpetual obligation of the City Health Department, or the County Health Department as its successor, to provide nurses and other health employees in the City schools. Moreover, we perceive nothing in the foregoing Charter provisions that curtailed the power of the County Legislature, as explicitly bestowed or recognized by County Charter § C6-12 (J) (4), to appropriate "such sums as the County Legislature may deem necessary to meet the expenses of such health district." We further conclude that the County Charter provisions regarding the withdrawal by the City of its prior consent to be included in a County health district, or regarding the Monroe County Legislature's dissolution or abolition of any such district, are unrelated to the ultimate abnegation by the County Legislature of any responsibility for providing or funding general health services in the city schools. There is thus no basis for applying the public hearing and 30-day notice requirements of County Charter § C6-12 (D) and (E).

We further agree with the court that nothing in the language of article 19 of the Education Law requires the County to provide medical inspection services to students in the city schools, nor does article 19 require the County to provide general health and nursing services in the city schools. Further, plaintiff's interpretation of article 19—i.e., as depriving plaintiff of any power to employ medical inspectors and school nurses, thereby implicitly placing upon the County the obligation to provide medical inspections and general school health services—is in contravention of Education Law § 2554 (2) and § 2576 (1) (a) (see generally § 2550), both of which authorize or contemplate plaintiff's employment of medical inspectors and nurses. We conclude that the decision of the First Department in *Liebowitz v Dinkins* (176 AD2d 666 [1991]) is distinguishable based on the New York City Health Code provision applicable therein (see generally *Glass v Department of Health of City of N.Y.*, 64 Misc 2d 880, 881-882 [1970]).

Finally, addressing plaintiff's reliance on Public Health Law § 2164 (4), we note that the County concedes its obligation under that statute to provide immunizations under the prescribed circumstances. However, we note that nothing in that statute places the County under an obligation to provide general school health and nursing services to plaintiff. Present—Hurlbutt, J.P., Scudder, Kehoe, Smith and Hayes, JJ.