■ 68 BURNS NEW HOLDING, INC., Appellant, v BURNS STREET OWNERS CORP. et al., Respondents. [796 NYS2d 677]—

In an action, inter alia, to recover damages for the defendants' failure to properly apply senior citizens rent increase exemption credits, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated November 27, 2000, as, upon denying its motion pursuant to CPLR 6301, among other things, to enjoin the defendants from interfering with the sale of shares of stock in certain cooperative apartments, dismissed the complaint for failure to state a cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof dismissing the second and third causes of action; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the second and third causes of action are reinstated.

"[A] motion for a temporary injunction opens the record and gives the court authority to pass upon the sufficiency of the underlying pleading" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 272 [1977]; *see Livas v Mitzner*, 303 AD2d 381, 382 [2003]; *Ratner v Steinberg*, 259 AD2d 744 [1999]). "However, this power does not extend to an evaluation of conflicting evidence (. . . *Six Nations Apt. Hous. Fund Dev. Co. v Six Nations Props.*, 175 AD2d 567), and if a complaint states a cause of action, the court may not dismiss it on a motion for a preliminary injunction" (*Ratner v Steinberg, supra* at 744). "Moreover, the court

may not, on its own initiative, convert a motion for a preliminary injunction into one for summary judgment without giving adequate notice to the parties and affording them an opportunity to lay bare their proof" (*Livas v Mitzner, supra* at 382; *see Guggenheimer v Ginzburg, supra* at 272).

Here, the Supreme Court properly exercised its authority to pass upon the sufficiency of the underlying pleadings (*see Guggenheimer v Ginzburg, supra*). In so doing, the Supreme Court correctly dismissed the first and fourth causes of action. The first cause of action failed to state a cause of action because it did not allege the factual details and circumstances of the alleged fraud and misrepresentation with sufficient particularity as required of such claims (*see* CPLR 3016 [b]; *Dumas v Fiorito,* 13 AD3d 332, 333 [2004]; *Kline v Taukpoint Realty Corp.,* 302 AD2d 433, 433 [2003]; *Cohen v Houseconnect Realty Corp.,* 289 AD2d 277, 278 [2001]). The fourth cause of action, which alleged tortious interference with contract, also failed to state a cause of action. The plaintiff failed to allege that the defendants intentionally and improperly procured the breach of any contracts without justification, that the contracts were, in fact, breached, and that the contracts would not have been breached but for the defendants' conduct (*see Velazquez v Lackmann Food Servs. at Old Country Rd.,* 251 AD2d 495, 496 [1998]; *Schuckman Realty v Marine Midland Bank, N.A.,* 244 AD2d 400, 401 [1997]).

However, construing the second and third causes of action liberally, we find that they contain discernible factual allegations which manifest causes of action cognizable at law (*see Guggenheimer v Ginzburg, supra* at 275; *Morris v Morris,* 306 AD2d 449, 451 [2003]). Therefore, the second and third causes of action should not have been dismissed (*see Guggenheimer v Ginzburg, supra* at 275; *Morris v Morris, supra* at 451). Prudenti, P.J., Adams, Rivera and Fisher, JJ., concur.