■ BENJAMIN J. GOLUB, Appellant, v BOARD OF MANAGERS OF GREENTREE AT MURRAY HILL, Respondent. [899 NYS2d 844]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered March 11, 2009, which, to the extent appealed from as limited by the briefs, ordered plaintiff to post an undertaking for payment of certain attorney fees and costs previously awarded to defendant, denied plaintiff's motion to permanently stay any arbitration except to the extent of staying the arbitration to allow the parties to first attempt mediation, and denied plaintiff's motion to disqualify Edward Toptani as counsel for defendant, and order, same court and Justice, entered October 1, 2009, which denied renewal and reargument except to the extent it amended the prior order to reflect that payment of certain monies resulting from the JAMS session and settlement agreement was not an admission of liability on the part of defendant, unanimously affirmed, without costs.

The court did not abuse its discretion in requiring plaintiff to post an undertaking when granting the motion for a preliminary injunction to allow the parties to attempt mediation (*see Livas v Mitzner*, 303 AD2d 381, 383 [2003]).

The court also properly found that the stipulation in connection with the Homestead action, which provided that "each party . . . bear its own costs and expenses," did not bar defendant's claims for legal fees, since the terms "costs" and "expenses" do not include attorney fees in the absence of express language to that effect in the contract or a statute (*see Royal Discount Corp. v Luxor Motor Sales Corp.*, 9 Misc 2d 307, 308 [App Term, 1st Dept 1957]; *Nacional Financiera, S.N.C. v Americom Airlease, Inc.*, 803 F Supp 886, 893 [SD NY 1992]). Furthermore, as the court noted, the language of paragraph 5 (iii) of the subsequent settlement agreement, which specifically preserved defendant's claims for legal fees related to the Homestead action, superseded the earlier Homestead stipulation.

The court also correctly ruled that the judgment award fully resolved by Civil Court and Appellate Term could not be relitigated (*see Merrill Lynch, Pierce, Fenner & Smith v Benjamin*, 1 AD3d 39, 43-45 [2003]).

The court did not abuse its discretion in refusing to disqualify defendant's attorney.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., McGuire, Moskowitz, Acosta and Freedman, JJ.