■ WELLS FARGO BANK, N.A., Respondent, v ALLEN ROBINSON et al., Defendants, and LUCIUS DORSEY et al., Appellants. [940 NYS2d 297]—

In an action to foreclose a mortgage, the defendants Lucius Dorsey and Wanda Dorsey appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Markey, J.), dated October 7, 2009, as converted that branch of their motion which was to vacate a judgment of foreclosure and sale dated June 4, 2008, on the ground, inter alia, that the subject mortgage was void ab initio due to fraud, into one pursuant to CPLR 5015 (a) (1) to vacate their default in serving an answer in accordance with a so-ordered stipulation dated January 7, 2009, and, upon such conversion, denied that branch of the motion.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on that branch of the motion of the defendants Lucius Dorsey and Wanda Dorsey which was to vacate the judgment of foreclosure and sale on the ground, inter alia, that the subject mortgage was void ab initio due to fraud.

Since 1968, the defendant Lucius Dorsey owned and resided in a two-family home located in Jamaica, Queens. In 2006, he and his wife, the defendant Wanda Dorsey, were experiencing

financial difficulties and sought assistance from the defendant Allen Robinson, Wanda's longtime acquaintance. Robinson allegedly promised the Dorseys that he would make arrangements to reduce their monthly mortgage payments. In December 2006 the Dorseys conveyed title to their home to Robinson, who then obtained a $496,000 loan from Fremont Investment and Loan, the plaintiff's assignor, secured by a mortgage on the home. In June 2007 Robinson sold the premises to the defendant Richard D. Irish, who assumed the mortgage. Consequently, the Dorseys, along with their family members who resided with them, were relegated to tenant status, living in the basement apartment of the premises which they had previously owned.

In January 2008 the plaintiff commenced this mortgage foreclosure action, as neither Robinson nor Irish had paid the sums due under the mortgage. The Dorseys were not named as defendants, even though they were necessary parties to the action (see RPAPL 1311 [1]). Robinson and Irish failed to answer or appear in the action and, thus, upon their default, the plaintiff obtained a judgment of foreclosure and sale dated June 4, 2008. In December 2008 the Dorseys moved, inter alia, for leave to intervene in the action and to vacate the judgment of foreclosure and sale on the ground, among other things, that the subject mortgage was void ab initio due to fraud. The Dorseys alleged that they were the victims of a foreclosure rescue scam.

On or about January 7, 2009, the plaintiff and the Dorseys entered into a written stipulation, so-ordered by the Supreme Court, in which, inter alia, the plaintiff consented to the Dorseys intervening in the action and to the Dorseys serving and filing an answer to the complaint on or before January 29, 2009. The plaintiff agreed not to proceed with a foreclosure sale of the subject premises, pending the Supreme Court's determination of the Dorseys' claims and defenses as set forth in their motion. According to the terms of the stipulation, however, the judgment of foreclosure and sale would not be vacated while the Dorseys' claims were being litigated and, instead, such judgment would "stand as security."

Thereafter, on or about May 20, 2009, the plaintiff's attorney submitted an affirmation in partial opposition to the Dorseys' motion. The plaintiff's attorney set forth the grounds upon which the plaintiff would oppose the Dorseys' claims and defenses, and stated that "[a]fter discovery proceedings, [the plaintiff] shall move for summary judgment" on the grounds laid out in the affirmation. However, in an order dated October 7, 2009, the Supreme Court stated that it appeared that the Dorseys had not served or filed an answer to the complaint as required by

the so-ordered stipulation. On that basis, the Supreme Court, inter alia, converted that branch of the Dorseys' motion which was to vacate the judgment of foreclosure and sale on the ground, inter alia, that the mortgage was void ab initio due to fraud, into one pursuant to CPLR 5015 (a) (1) to vacate their default in serving an answer in accordance with the so-ordered stipulation. Upon such conversion, the Supreme Court denied that branch of the Dorseys' motion. Without addressing whether the Dorseys had a reasonable excuse for their purported default, the Supreme Court determined, on the basis of the Dorseys' previous motion papers, that they did not have any potentially meritorious claims or defenses. The Dorseys appeal.

The record before us does not reveal that the Supreme Court gave any notice to the parties that it was converting that branch of the Dorseys' motion which was to vacate the judgment of foreclosure and sale on the ground, inter alia, that the mortgage was void ab initio due to fraud, into one pursuant to CPLR 5015 (a) (1) to vacate their purported default in serving an answer in accordance with the so-ordered stipulation. Furthermore, the record does not reveal that the plaintiff asserted any default on the part of the Dorseys or made any motion against them on such ground. As shown by the affirmation of the plaintiff's attorney submitted on or about May 20, 2009, the plaintiff was preparing to oppose the Dorseys' claims and defenses on the merits.

Under the circumstances of this case, the Dorseys were given no opportunity to demonstrate that they were not in default or, if in default, that they had a reasonable excuse for it. Moreover, the Dorseys' motion papers reveal potentially meritorious claims and defenses, which, pursuant to the so-ordered stipulation, the plaintiff was prepared to litigate on the merits. Therefore, it was error for the Supreme Court to convert the subject branch of the Dorseys' motion into one to vacate their purported default (*see Matter of Wargo v Amica Mut. Ins. Co.*, 6 AD3d 541, 542-543 [2004]; *see e.g. 68 Burns New Holding, Inc. v Burns St. Owners Corp.*, 18 AD3d 857, 857-858 [2005]; *Sta-Brite Servs., Inc. v Sutton*, 17 AD3d 570, 570-571 [2005]; *Ratner v Steinberg*, 259 AD2d 744 [1999]). Accordingly, we reverse the order insofar as appealed from, and remit the matter to the Supreme Court, Queens County, for further proceedings on that branch of the Dorseys' motion which was to vacate the judgment of foreclosure and sale on the ground, inter alia, that the mortgage was void ab initio due to fraud. Dillon, J.P., Leventhal, Hall and Lott, JJ., concur. **[Prior Case History: 25 Misc 3d 1211(A), 2009 NY Slip Op 52029(U).]**