In an action, inter alia, pursuant to RPAPL article 15 to *789 determine claims to real property, the defendant US Bancorp, doing business as U.S. Bank N.A., as Trustee for the Registered Holders of CSMC Asset-Backed Trust 2007-NCI OSI, CSMC Asset Backed Pass-Through Certificates, Series 2007-NCI-OSI, a Minnesota Corporation, appeals from an amended order of the Supreme Court, Richmond County (Ajello, J.H.O.), dated August 23, 2010, which, upon the plaintiffs’ motion for a preliminary injunction enjoining all proceedings in a related action entitled U.S. Bank, N.A. v Duvivier, pending in the same court under index No. 101056/08, determined that a certain deed and mortgage referable to the subject real property are void, and, in effect, recognized the existence of an equitable lien on the subject real property.
Ordered that the amended order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Richmond County, for a determination of the plaintiffs’ motion for a preliminary injunction.
The Judicial Hearing Officer erred in making a determination as to the validity of the subject deed and mortgage, and by, in effect, recognizing the existence of an equitable lien on the subject real property. Making this determination on the merits of these issues was the equivalent of awarding summary judgment to the plaintiffs, rather than disposing of the plaintiffs’ motion for a preliminary injunction, which was the only request for relief before the Judicial Hearing Officer.
A motion for a preliminary injunction “opens the record and gives the court authority to pass upon the sufficiency of the underlying pleading” (Guggenheimer v Ginzburg, 43 NY2d 268, 272 [1977]). However, this power does not extend to an evaluation of conflicting evidence (see 68 Burns New Holding, Inc. v Burns St. Owners Corp., 18 AD3d 857 [2005]; Livas v Mitzner, 303 AD2d 381, 382 [2003]; Ratner v Steinberg, 259 AD2d 744 [1999]). Moreover, “the motion court may not, on its own initiative, convert a motion for a preliminary injunction into one for summary judgment without giving adequate notice to the parties and affording them an opportunity to lay bare their proof’ (Grand Aerie of Fraternal Order of Eagles v Mostrando, 94 AD3d 1050, 1052 [2012]; see Guggenheimer v Ginzburg, 43 NY2d at 272; 68 Burns New Holding, Inc. v Burns St. Owners Corp., 18 AD3d at 857-858; Ratner v Steinberg, 259 AD2d at 744).
Contrary to the plaintiffs’ contention, adequate notice was not provided to the parties that the Supreme Court would, in effect, treat their motion for a preliminary injunction as a motion for summary judgment. Consequently, the Supreme Court’s determination was procedurally premature, and it erred in *790 adjudicating the rights of the parties with regard to issues beyond those related to the requested preliminary injunction (see Livas v Mitzner, 303 AD2d at 382-383; Cellular Tel. Co. v Village of Tarrytown, 210 AD2d 196, 197 [1994]).
The parties’ remaining contentions need not be addressed in light of our determination. Rivera, J.P., Dickerson, Eng and Roman, JJ., concur.