Carroll v Dicker (2018 NY Slip Op 04305)





Carroll v Dicker


2018 NY Slip Op 04305


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2015-06469
 (Index No. 5993/14)

[*1]John Carroll, et al., appellants,
v
Daniel Dicker, et al., respondents.


Eagan & Matthews PLLC, East Hampton, NY (Brian E. Matthews and Deborah Choron of counsel), for appellants.
Farrell Fritz, P.C., Uniondale, NY (Brian C. Doyle and Sarah M. Baird of counsel), for respondents.



DECISION & ORDER
In an action for a declaratory judgment and injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Andrew G. Tarantino, Jr., J.), dated May 7, 2015. The order, in effect, converted the plaintiffs' motion for a preliminary injunction into one for summary judgment, denied the plaintiffs a permanent injunction, and set forth the conditions that the defendants were to follow in exercising their rights under the subject easement.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the plaintiffs' motion for a preliminary injunction is denied.
In 2012, the plaintiffs and the defendants purchased neighboring properties, which were subject to an easement. Pursuant to the easement, the defendants' property, the dominant property, was entitled to a clear view of the ocean from the defendants' kitchen/living area and deck. The plaintiffs subsequently commenced this action, seeking (1) a judgment declaring that the easement is unenforceable and extinguished and that the defendants and subsequent owners of the defendants' property have no right, title, or interest in or to any portion of the plaintiffs' property, and (2) a permanent injunction enjoining the defendants and subsequent owners of the defendants' property from seeking to enter the plaintiffs' property to enforce the easement. After commencing this action, the plaintiffs moved for a preliminary injunction. After a hearing, the Supreme Court, in an order labeled "decision and order after trial without jury," denied what it described as the plaintiffs' "application for a permanent injunction," and set forth the conditions that the defendants were to follow in exercising their rights under the easement. The plaintiffs appeal.
A motion for a preliminary injunction "opens the record and gives the court authority to pass upon the sufficiency of the underlying pleading" (Guggenheimer v Ginzburg, 43 NY2d 268, 272). "However, the inquiry is limited to whether the plaintiff has a cause of action, and the court's power does not extend to an evaluation of conflicting evidence" (Livas v Mitzner, 303 AD2d 381, 382; see Alexandre v Duvivier, 96 AD3d 788, 789; Masjid Usman, Inc. v Beech 140, LLC, 68 AD3d 942, 942; Ugiri Progressive Community, Inc. v Ukwuozo, 57 AD3d 656, 656-657; Cellular Tel. Co. v Village of Tarrytown, 210 AD2d 196, 197). "Accordingly, the motion court may not, on its own initiative, convert a motion for a preliminary injunction into one for summary judgment without [*2]giving adequate notice to the parties and affording them an opportunity to lay bare their proof" (Grand Aerie of Fraternal Order of Eagles v Mostrando, 94 AD3d 1050, 1052; see Hoeffner v John F. Frank, Inc., 302 AD2d 428, 430).
Here, the plaintiffs correctly contend that the Supreme Court, in effect, improperly converted their motion for a preliminary injunction into one for summary judgment without notifying the parties of its intent to do so (see Grand Aerie of Fraternal Order of Eagles v Mostrando, 94 AD3d at 1052). Consequently, the court's determination "was procedurally premature, and it erred in adjudicating the rights of the parties with regard to issues beyond those related to the requested preliminary injunction" (Alexandre v Duvivier, 96 AD3d at 789-790).
To obtain a preliminary injunction, the moving party must demonstrate (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injuction, and (3) that the equities balance in his or her favor (see CPLR 6301; Gonzalez v 231 Maujer St., HDFC, 157 AD3d 869, 870). Here, the plaintiffs did not establish their entitlement to a preliminary injunction. Accordingly, the Supreme Court should have denied the plaintiff's motion.
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court