808 Union St., LLC v J. Lehman Park Slope, LLC (2023 NY Slip Op 02632)

808 Union St., LLC v J. Lehman Park Slope, LLC

2023 NY Slip Op 02632

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2021-06568
 (Index No. 504466/21)

[*1]808 Union Street, LLC, appellant, 
v
J. Lehman Park Slope, LLC, et al., respondents.

Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York, NY (Paul N. Gruber, David B. Rosenbaum, Andrew I. Bart, and Joshua Nadelbach of counsel), for appellant.
Wilk Auslander, LLP, New York, NY (Alan D. Zuckerbrod and Arielle H. Wasserman of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated August 30, 2021. The order granted the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss so much of the second cause of action as sought a judgment declaring that the defendant John Lehman is liable for unpaid rent due and owing pursuant to a lease agreement between the plaintiff and the defendant J. Lehman Park Slope, LLC.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss so much of the second cause of action as sought a judgment declaring that the defendant John Lehman is liable for unpaid rent due and owing pursuant to a lease agreement between the plaintiff and the defendant J. Lehman Park Slope, LLC, is denied.
In February 2021, the plaintiff commenced this action against the defendants, J. Lehman Park Slope, LLC (hereinafter the tenant), and John Lehman (hereinafter the guarantor), inter alia, to recover damages for breach of contract and for declaratory relief. The plaintiff alleged, among other things, that the tenant was obligated to pay rent and other charges pursuant to a lease agreement, that the tenant failed to pay rent and other charges from April 2020 to February 2021, and that the guarantor executed a guaranty in which he agreed, inter alia, to pay any unpaid rent and other charges of the tenant pursuant to the lease agreement. The plaintiff sought, among other things, a judgment declaring that the guarantor was liable for any and all outstanding rent and other charges not paid by the tenant. The defendants moved pursuant to CPLR 3211(a)(7) to dismiss so much of the second cause of action as sought this declaratory relief on the ground that recovery was barred as against the guarantor pursuant to Administrative Code of the City of New York § 22-1005. In support of the motion, the defendants submitted, inter alia, the lease agreement between the plaintiff and the tenant's predecessor, an assignment of the lease agreement to the tenant, the guaranty, and a letter dated April 7, 2021, from the defendants' counsel to the plaintiff's counsel. The plaintiff opposed the motion. In an order dated August 30, 2021, the Supreme Court granted the motion and directed dismissal of so much of the second cause of action as sought a judgment declaring that the guarantor is liable for the unpaid rent and other charges of the tenant. The plaintiff appeals. We reverse.
When a party moves to dismiss a complaint pursuant to CPLR 3211(a)(7), the standard is whether the pleading states a cause of action (see Guggenheimer v Ginzburg, 43 NY2d 268, 275; Sokol v Leader, 74 AD3d 1180, 1181-1182). In considering such a motion, "the court [must] 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Nonnon v City of New York, 9 NY3d 825, 827, quoting Leon v Martinez, 84 NY2d 83, 87-88). Affidavits submitted by a defendant "will almost never warrant dismissal under CPLR 3211 unless they 'establish conclusively that [the plaintiff] has no . . . cause of action'" (Lawrence v Graubard Miller, 11 NY3d 588, 595, quoting Rovello v Orofino Realty Co., 40 NY2d 633, 636). A motion to dismiss pursuant to CPLR 3211(a)(7) in which the movant relies upon evidence beyond the four corners of the complaint must be denied "unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (Guggenheimer v Ginzburg, 43 NY2d at 275).
Here, the Supreme Court should have denied the defendants' motion pursuant to CPLR 3211(a)(7). Administrative Code § 22-1005 protects certain guarantors from liability for the obligations of tenants that arose while the tenants were prohibited from performing certain nonessential services a result of the COVID-19 pandemic. The submissions of the defendants in support of their motion failed to conclusively establish that the activities of the tenant fell within the categories of nonessential services set out in Administrative Code § 22-1005 or that the plaintiff's allegation that the tenant provided essential services placing it outside the ambit of Administrative Code § 22-1005 was not a fact at all and that no significant dispute exists regarding it (see Island Tennis, LP v Varilease Fin., In., 117 AD3d 906, 906).
DUFFY, J.P., CHRISTOPHER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court