Matter of Friends of Coecles Harbor, Inc. v Town Bd. of the Town of Shelter Is. (2025 NY Slip Op 02774)

Matter of Friends of Coecles Harbor, Inc. v Town Bd. of the Town of Shelter Is.

2025 NY Slip Op 02774

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2023-04802
2023-05747
 (Index No. 604219/23)

[*1]In the Matter of Friends of Coecles Harbor, Inc., et al., petitioners, Kimberly Noland, appellant,
v
Town Board of the Town of Shelter Island, et al., respondents-respondents, et al., respondent.

Bonstrom & Murphy, Shelter Island, NY (Kim P. Bonstrom of counsel), for appellant.
Perillo Hill LLP, Sayville, NY (Timothy F. Hill of counsel), for respondents-respondents Town Board of the Town of Shelter Island and Town Clerk of the Town of Shelter Island.
Kriegsman, P.C., Sag Harbor, NY (Alex Kriegsman of counsel), for respondent-respondent Ram's Head Inn, LLC.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to annul a resolution of the Town Board of the Town of Shelter Island dated January 31, 2023, authorizing the issuance of a permit to Ram's Head Inn, LLC, to remove and replace a dock on its premises, the petitioner Kimberly Noland appeals from (1) an order and judgment (one paper) of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated April 3, 2023, and (2) an order of the same court dated May 5, 2023. The order and judgment, insofar as appealed from, denied the petition and dismissed the proceeding. The order, insofar as appealed from, in effect, upon reargument, adhered to the determination in the order and judgment denying the petition and dismissing the proceeding.
ORDERED that the order and judgment is affirmed insofar as appealed from; and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
The respondent Ram's Head Inn, LLC (hereinafter RHI), applied to the respondent Town Board of the Town of Shelter Island (hereinafter the Town Board) for a permit to remove a dock on its premises and to construct a new dock. After public hearings were held on the application and a permit was issued by the New York State Department of Environmental Conservation, the Town Board resolved, on January 31, 2023, to authorize the respondent Town Clerk of the Town of Shelter Island (hereinafter the Town Clerk) to issue the permit.
The petitioner Kimberly Noland (hereinafter the petitioner), among others, commenced this proceeding pursuant to CPLR article 78 against the Town Board and the Town Clerk (hereinafter together the Town respondents) and RHI, among others, to review the Town Board's resolution authorizing the issuance of the permit. The petitioner, among others, moved for a preliminary injunction, inter alia, enjoining the Town Clerk from issuing the permit and RHI from beginning the work. In an order and judgment, the Supreme Court, among other things, denied the petition and dismissed the proceeding. In a subsequent order, the court, inter alia, in effect, upon reargument, adhered to the determination denying the petition and dismissing the proceeding. The petitioner appeals. We affirm, but for a reason different from that relied upon by the Supreme Court.
"A motion for a preliminary injunction 'opens the record and gives the court authority to pass upon the sufficiency of the underlying pleading'" (Carroll v Dicker, 162 AD3d 741, 742, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 272; see Alexandre v Duvivier, 96 AD3d 788, 789). However, "the court's power does not extend to an evaluation of conflicting evidence" (Carroll v Dicker, 162 AD3d at 742 [internal quotation marks omitted]; see Alexandre v Duvivier, 96 AD3d at 789; 68 Burns New Holding, Inc. v Burns St. Owners Corp., 18 AD3d 857, 858). "Accordingly, the motion court may not, on its own initiative, convert a motion for a preliminary injunction into one for summary judgment without giving adequate notice to the parties and affording them an opportunity to lay bare their proof" (Carroll v Dicker, 162 AD3d at 742 [internal quotation marks omitted]; see Alexandre v Duvivier, 96 AD3d at 789; 68 Burns New Holding, Inc. v Burns St. Owners Corp., 18 AD3d at 858).
Here, the petitioner correctly contends that the Supreme Court erred in evaluating the evidence and determining the merits of the petition on the motion for a preliminary injunction (see Carroll v Dicker, 162 AD3d at 742; Alexandre v Duvivier, 96 AD3d at 789-790).
Nevertheless, the Town respondents argued in the Supreme Court, and contend in this Court as an alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539), that the petition did not adequately allege that the petitioner had standing to challenge the subject resolution. To establish standing to challenge an administrative determination, a petitioner must show that it will suffer an injury-in-fact and that the alleged injury falls within the zone of interest sought to be protected by the laws alleged to have been violated (see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772-774). "Close proximity to the project may give rise to an inference of harm, but standing requires a showing that this close proximity exposes the petitioners to a harm different from the harm to the public generally" (Matter of Green v Town of Ramapo, 227 AD3d 994, 995; see 159-MP Corp. v CAB Bedford, LLC, 181 AD3d 758, 761; Matter of CPD NY Energy Corp. v Town of Poughkeepsie Planning Bd., 139 AD3d 942, 944).
Here, the petition and the petitioner's affidavit alleged only vague and hypothetical injuries arising from the proposed construction of the dock insufficient to confer standing and failed to allege any harm distinct from that of the community at large (see Matter of Green v Town of Ramapo, 227 AD3d at 995; 159-MP Corp. v CAB Bedford, LLC, 181 AD3d at 761; Matter of CPD NY Energy Corp. v Town of Poughkeepsie Planning Bd., 139 AD3d at 944). Accordingly, we affirm the denial of the petition and the dismissal of the proceeding on this alternate ground.
In light of our determination, we need not reach the parties' remaining contentions.
IANNACCI, J.P., FORD, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court